## CURTIS v. HARRIS et al.

No. 10048—Opinion Filed Oct. 28, 1919.

(Syllabus by the Court.)

### 1. Oil and Gas—Leases—Construction.

Oil and gas leases in this jurisdiction are construed strongly against the lessee and in favor of the lessor, and where their terms will permit, under the rules of law, such leases will be construed so as to promote development and prevent delay.

### 2. Same—Lease As Option.

Where an oil and gas lease expressly provides that rights of parties shall terminate if no well be drilled within a fixed period, unless the lessee on or before that date shall pay or tender to the lessor a fixed sum, the right to defer drilling is an option and time is of the essence of the contract.

### 3. Same—Termination of Lease—Forfeiture—Quieting Title.

A court of equity will refuse to quiet title under an oil and gas lease where a well was not completed or payment tendered within a period fixed under an express provision that the lease should terminate as to both parties, unless a well was completed or payment tendered. To refuse plaintiff relief is not to declare a forfeiture, the lease having terminated by its express terms.

### 4. Same—Appeal—Evidence—Sufficiency.

Where there is a conflict of evidence as to whether the agent of the lessor verbally agreed with the lessee for an extension of time in which to complete a well or make payment, and the trial court makes a general finding in favor of the lessor, the judgment will not be set aside unless against the clear weight of the evidence.

Error from District Court, Wagoner County; W. J. Campbell, Assigned Judge.

Action by M. Curtis to quiet title under an oil and gas lease covering certain described land belonging to Lucinda Harris. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Norman Barker, Watts & Summers, and McGuire & Devereux, for plaintiff in error.

W. O. Rittenhouse and Benj. C. Conner, for defendants in error.

OWEN, C. J. The lease, under which this action was brought, was for a term of five years, and as long thereafter as oil or gas might be produced from the premises, but contained the express provision:

"If no well be completed on said land on or before the 8th day of January, 1917, this lease shall terminate as to both parties unless the lessee on or before that date shall pay or tender to the lessor * * * the sum of $40, which shall operate as a rental and cover the privilege of deferring the comple-

tion of a well for twelve months from said date."

The question presented is whether the lease expired by its terms on January 8, 1917, no well having been completed or payment tendered prior to that time.

Counsel urge that to deny plaintiff judgment quieting title is to declare a forfeiture of his lease; that time is not of the essence of the contract, and forfeiture should not be declared for the reason that payment was tendered within a reasonable time after it was due.

Oil and gas leases in this jurisdiction are construed strongly against the lessee and in favor of the lessor (New State Oil & Gas Co. v. Dunn, 75 Oklahoma, 182 Pac. 514; Superior Oil Co. v. Mehlin, 25 Okla. 809, 108 Pac. 545); and where its terms will permit, under the rules of law, such lease will be construed so as to promote development and prevent delay. New St. O. & G. Co. v. Dunn, supra; Paraffine Oil Co. v. Cruce, 63 Oklahoma, 162 Pac. 716.

Under the express and unequivocal terms of the lease, the rights of both parties were to terminate January 8, 1917, if a well was not completed, unless the lessee elected to avail himself of the option to delay the completion of such well by paying the stipulated rental in advance. The lessee was not bound to pay the rental, but payment was a condition precedent to his right to defer drilling. The rule contended for, which seeks to prevent forfeiture, has no application. The lease terminated by its terms on the 8th of January, no well having been drilled, no payment tendered, and no facts appearing that amount to a sufficient legal excuse to relieve the lessee from the effect of neither completing a well nor paying the stipulated rental. Lessee's right to defer drilling was merely an option and time is of the essence of the contract. He lost his opportunity to defer the drilling, by not performing a condition required of him, and which right was to be paid for in advance when obtained. Ross v. Sanderson, 63 Oklahoma, 162 Pac. 709; Maud Oil & Gas Co. v. Bodkin, 75 Oklahoma, 180 Pac. 959; Bearman v. Dux Oil & Gas Co., 64 Oklahoma, 166 Pac. 199; Pom. Eq. Jur., section 455.

It is contended by plaintiff that he had an oral agreement with the son of Lucinda Harris, with whom he negotiated the lease, to the effect he would be given the full period of one year from delivery of the lease in which to complete a well or make payment, and that the lease was not delivered to him until January 13th. The evidence was conflicting as to whether there was such an understanding. The trial court made a general finding

in favor of the defendant, and not being clearly against the weight of the evidence, that finding will not be disturbed.

The judgment of the trial court is affirmed.

SHARP, PITCHFORD, McNEILL, and HIGGINS, JJ., concur.