## McKINLAY v. FEAGINS et al.

No. 11470—Opinion Filed May 31, 1921.

Rehearing Denied June 28, 1921.

(Syllabus.)

**1. Oil and Gas—Termination of Lease—Construction of "Unless" Lease.**

An oil and gas lease contained the following provision: "If no well be commenced on said land on or before the 26th day of June, 1919, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit, in the Farmers' State Bank at Newkirk, Oklahoma, or its successors, which shall continue as the depository, regardless of changes in the ownership of said land, the sum of forty dollars, which shall operate as a rental and cover the privilege of deferring the commencement of a well for six months from said date, and in like manner and upon like payments, or tenders, the commencement of a well may be further deferred for a like period of the same number of months successively." Held, a failure on the part of the lessee to commence the drilling of a well or to pay the rental as stipulated automatically terminated the lease contract.

**2. Same—Time of Essence of Contract.**

An oil and gas lease containing the "unless" clause confers an optional right upon the lessee, and should be strictly construed in favor of the lessor and against the lessee, and time is of the essence of the contract.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Jesse C. Feagins and Annie Feagins against L. McKinlay to cancel and remove as a cloud an oil and gas lease. Judgment for plaintiffs decreeing cancellation of the lease, and defendant appeals. Affirmed.

J. F. King, for plaintiff in error.

William S. Cline, for defendants in error.

KENNAMER J. The plaintiff in error, L. McKinlay, prosecutes this appeal to reverse a judgment rendered in the district court of Kay county, decreeing a cancellation and removal as a cloud upon the title of the lands in controversy of an oil and gas lease executed by the defendants in error, Jesse C. Feagins and Annie Feagins, to the plaintiff in error. The parties will be referred to as they appear in the trial of the cause, the Feagins as plaintiffs and McKinlay as defendant.

Cancellation and removal of the lease as a cloud upon the title was asked for upon two grounds—that no well was commenced as was provided in the lease, nor was delay money paid as stipulated in the contract. The lease contained this provision:

"If no well be commenced on said land on or before the 26th day of June, 1919, this lease shall terminate as to both parties unless the lessee on or before that date shall pay or tender to the lessor or to the lessor's credit in the Farmers' State Bank at Newkirk, Oklahoma, or its successors, which shall continue as the depository regardless of changes in ownership of said land, the sum of $40.00, which shall operate as a rental and cover the privilege of deferring the commencement of a well for six months from said date, and in like manner and upon like payments or tenders the commencement of a well may be further deferred for a like period of the same number of months successively."

It is admitted by the defendant that the well provided for in the lease was not commenced within the period mentioned, and that the delay money was not paid within the time as provided in the contract. The time for the payment of the delay money expired on the 26th day of June, 1919. The defendant contended in the trial of the cause that he was in Newkirk on the 24th day of June, two days prior to the expiration of the time for the payment of the rental, and had a conversation with one of the plaintiffs, Mr. Feagins, in which Mr. Feagins agreed to give him additional time to go to Wichita, Kansas, and see other parties interested in the lease and remit the money, which he did pursuant to the conversation had with the plaintiff Feagins. This testimony was denied by Mr. Feagins. The court found the issues in favor of the plaintiffs. It being admitted that according to the terms of the written contract the time expired for the payment of the delay money on the 26th day of June, 1919, and that it had not been paid on that date, the burden of proof was upon the defendant to establish some reasonable excuse for not having paid the money. The only evidence offered in support of the contentions of the defendant was his own testimony, and it tended to change the terms and operation of a written instrument. He failed to convince the trial court that his contentions stood established by his own testimony.

This being an equitable action, this court has the power, where the judgment is challenged upon the ground that it is supported by insufficient testimony, to examine the entire record and pass upon the weight of the testimony. In this case we have examined the record and weighed the testimony and we find that the defendant in this cause acted as the agent of the lessors, plaintiffs herein, in selling this lease; that he was paid $100 commission to sell the same to the best advantage of the lessors; that he sold the

lease for $800, retaining his $100 commission for selling the lease, when in truth and in fact he sold four-fifths of the lease for $800 and retained an undivided one-fifth interest, himself, in the lease, and it is admitted that in the sale of the lease he deceived the lessors. Therefore, we conclude that the trial court did not err in finding the issues in favor of the plaintiffs. The lessors in this case were under no obligation, as contended by counsel, to furnish the lessee the information as to the due date for the payment of the rentals.

This court, in the case of Curtis v. Harris, 76 Okla. 226, 184 Pac. 574, in an opinion delivered by Mr. Chief Justice Owen, held:

"Under the express and unequivocal terms of the lease, the rights of both parties would terminate January 8, 1917, if a well was not completed, unless the lessee elected to avail himself of the option to delay the completion of such well by paying the stipulated rental in advance. The lessee was not bound to pay the rental, but payment was a condition precedent to his right to defer drilling. The rule contended for, which seeks to prevent forfeiture, has no application. The lease terminated by its terms on the 8th day of January, no well having been drilled, no payment tendered, and no facts appearing that amount to a sufficient legal excuse to relieve the lessee from the effect of neither completing a well nor paying the stipulated rental."

This court, in the case of Garfield Oil Co. v. Champlin, 78 Okla. 91, 189 Pac. 514, held:

"Where an oil and gas lease expressly provides that the rights of parties shall terminate if no well be drilled within a fixed period, unless the lessee on or before that date shall pay or tender to the lessor a fixed sum, time is of the essence of the contract."

It is an important rule of law, founded upon equity and justice, that in construing oil and gas leases containing the provision found in the contract under consideration the courts adhere to the rule that time is of the essence of the contract. Such properties have a fluctuating value and may be very valuable one day and practically valueless the next day, and the "unless" clause in this character of leases operates entirely for the benefit of the lessee and will be strictly construed in favor of the party that is bound and against the party that is not bound. Kolachny v. Galbreath et al., 26 Okla. 772, 110 Pac. 902.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, McNEILL, MILLER, and ELTING, JJ., concur.