### CROWDER et al. v. JAMES.

No. 13863—Opinion Filed April 7, 1925.

Rehearing Denied June 9, 1925.

**1. Oil and Gas Lease—Conditions—Termination.**

An oil and gas mining lease providing that, in case operations for oil or gas are not commenced on the premises within one year from the date thereof, all rights and obligations thereunder shall cease and terminate, unless certain rentals be paid within the year to continue the grant in force, is automatically terminated at the end of such year for failure either to commence such operations or pay such rentals.

**2. Same—Assignment Held to Convey Royalty Under Contemporaneous Lease.**

Under the rule that several contracts relating to the same subject-matter, between the same parties and made as parts of substantially one transaction, will be taken together held that it was the intention of the parties that the assignment of the royalty in the instant case should convey the royalty interest under the oil and gas lease then and there executed, and such assignment of royalty became void, ipso facto, by the termination of the lease.

(Syllabus by Estes, C.)

Commissioners' Opinion. Division No. 2.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by E. W. James against W. E. Crowder et al. to quiet title. Judgment for plaintiff, and defendants appeal. Affirmed.

Guy L. Andrews, for plaintiffs in error.

J. B. Patterson, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. On February 6, 1913, Polly Barrett, an aged negro woman, executed an oil and gas mining lease to defendants Crowder and Turner and one Bernard, on her 40 acres, providing that if drilling was not commenced within one year, all rights secured thereunder should cease and determine, unless certain rentals were paid within the year to continue the grant. On the same day she executed to the same parties a purported assignment of a one-half of royalties of the same land. Bernard assigned his interest in the lease and the assignment of royalties to his wife, who, in turn, assigned same to defendants Bush and Terrell. On said February 6. 1913, Polly Barnett also executed to one Dickson a conveyance of all her mineral rights in the same land and, in November of said year, a warranty deed thereto. In 1921, plaintiff James, claiming to be the owner of the land by mesne conveyance from Dickson, brought this action against Crowder and the other plaintiffs in error, as defendants, to quiet his title by cancellation of their said muniments, plaintiff and his grantors having been in possession at all times. From judgment for plaintiff accordingly, defendants appeal.

1. At no time did defendants commence operations for the drilling of a well nor did they pay delay money. Their oil and gas mining lease, being an option to explore, automatically terminated on February 6, 1914. Eastern Oil Co. v. Smith et al., 80 Okla. 207, 195 Pac. 773. Failure to commence a well within the time stipulated or pay the rental, automatically terminated the lease, time being of the essence of the contract. Garfield Oil Co. v. Champlin et al., 78 Okla. 91, 189 Pac. 514. Defendants contend that because said Polly, on February 6.

1913, executed the so-called oil and gas grant to Dickson, under whom plaintiff claims title, she thereby clouded the title of defendants and, they did not know to whom delay money should be paid. This is wholly without merit because the said lease of defendants provided that all rentals or royalties due might be paid to Polly Barnett in person or by check of defendants mailed to her assigns at the designated post office; that the date of so depositing such check should be the true date o_ payment and be binding notwithstanding said Polly has sold or conveyed the land or the right to the rentals, until actual notice of such change in ownership was given defendants in writing. Defendants made no effort thereunder to pay said delay money until shortly before bringing this action in 1921, about seven years after date of lease, when they made a tender thereof to plaintiff James, who refused same. Clearly, the judgment canceling the lease of defendants was correct.

2. Defendan's' said assignment of royalty in part is:

"Know all men by these presents: That I, Polly Barnett, in consideration of $50 to me paid by W. E. Crowder, R. F. Turner and John H. Bernard have assigned to the said W. E. Crowder, R. F. Turner and J. R Bernard and their executors administrators or assigns, a one-half undivided interest in and to the royalties that may be realized from the production of oil or gas on the following (describing the 40 acres cevered by signed lease.)

"I do hereby constitute and appoint and have by these presents constituted and appointed the said W. E. Crowder, R. E. Turner and John H. Bernard my sole and lawful attorneys for me and in my name, but at their own cost and charges to take all legal measures that may be necessary to enforce the stipulation and agreement herein contained or to recover the moneys due or to become due thereon."

Defendants contend that said assignment, irrespective of said lease, conveyed absolutely to the assignees, defendants, said interest in and to the mineral rights in the real estate and their counsel has ably presented this contention. When several contracts relate to the same subject-matter, between the same parties, and are made as parts of sub-stantially one transaction, they are to be taken together. Section 5045, Comp. St. 1921. Said two instruments under which defendants claim were executed on the same day by said Polly under continuous negotiations for purchase of the lease and of the royalty, witnessed by the same person, acknowledged before the same notary. and filed for rec-

ord by defendants at the same time, the officer noting the filing of the assignment five minutes after the lease. One of the defendants, who was present, testified that they paid said Polly $80 for the lease and the royalty interest, $50 being paid for the royalty and $30 for the lease; that defendants first took the lease and the amount paid for it was not sufficient; that said Polly wanted more money and spoke of selling a portion of her royalty; that he offered her $50 for it and she thought it was worth more; and that "I told her there might not be anything here and you are $50 ahead and finally she accepted it." It was the intention of the parties that the said assignment should convey the royalty interest under the said oil and gas lease then and there executed. There are other circumstances tending thereto. Since defendants, by their omission, had permitted said lease to lapse, their assignment of the royalty interest ipso facto, became void. The lease and assignment being thus void, the intervening muniments of defendants, Bush and Terrell. were also void. Defendants point out certain irregularities in the muniments of plaintiff. It is practically conceded by defendants, and we so hold, that the conveyances under which plaintiff claims are valid under Gilcrease v. McCullough et al., 63 Okla. 24, 162 Pac. 178, to the effect that any words which are sufficient to denote the intention of the parties that one shall divest and the other invest himself of the possession of the land is sufficient.

We deem it unnecessary to note other contentions. Let the judgment be affirmed.

By the Court: It is so ordered.