**HARRIS v. KERNS et al.**

No. 19580. Opinion Filed Sept. 9, 1930.

Commissioners' Opinion, Division No. 1.

John E. Luttrell, for plaintiff in error.

Oliver C. Black, for defendants in error.

FOSTER, C. This action was begun in the district court of Cleveland county by

the defendants in error to cancel an oil and gas lease given by them to plaintiff in error on the ground of nonpayment of rental as provided in said lease. The parties will be referred to as they appeared in the trial court.

The execution and delivery of a ten-year commercial lease is admitted. There is no dispute about the amount of bonus paid at the time the lease was executed and delivered, which was on the 15th day of October, 1926. The annual rental provided for in the lease was $160, and the lease contained the following clause:

"If no well be commenced on said land on or before the 14th day of October, 1927, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the American National Bank at Oklahoma City, or its successors, which shall continue as a depository regardless of changes in the ownership of the land, the sum of $160, which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from that date. In like manner and upon like payment or tenders, the commencement of a well may be further deferred for a like period of the same number of months successively."

It is admitted that the defendant did not commence a well upon said land before October 14, 1927. On the 15th day of October, 1927, the defendant deposited in the American National Bank at Oklahoma City to plaintiff's credit the sum of $160 as rental on said lease. It is alleged in the reply of plaintiffs that "immediately after the defendant paid the rental on the 15th day of October, he was notified by the plaintiffs that they would not accept the same because the money had been tendered one day too late."

This action was commenced on the 27th day of October, 1927. The cause was tried to the court without the intervention of a jury and resulted in a judgment in favor of plaintiffs, from which defendant appeals.

The defendant argues his assignments of error under two propositions: (1) The judgment of the trial court is contrary to law; and (2) the judgment of the trial court is against the clear weight of the evidence. Under these propositions the defendant contends that the money was deposited to the credit of plaintiffs in the bank on the 15th of October, and has been held by them and has never been returned, nor does the petition tender a return. There is no dispute but what the money was deposited on the 15th day of October, 1927, and apparently from the record was so deposited on the day of trial. The plaintiffs in their petition allege, as above set out, that the defendant was notified that they would not accept said money, but the record discloses no evidence to support said allegation.

However, we believe from the conduct of the plaintiffs and the fact that this suit was commenced only eleven days after the money was deposited, that it shows a clear intent on behalf of the plaintiffs not to accept the money, although there is no direct proof to that effect. Defendant argues that the court must assume that plaintiffs received notice of the deposit; but assuming that they had notice, and assuming that plaintiffs made no direct offer to return, we think their conduct shows they did not intend to accept the money, and, in effect, refused to accept it. The cases relied upon by defendant to the effect that, in suits for rescission and cancellation of contracts, he who seeks equity must do equity, and that plaintiffs will not be permitted to repudiate their contracts and retain the benefits which they have derived from them, we do not think apply to the case at bar.

Defendant next contends that the deposit was made within the time as contemplated by the parties; that there was an oral agreement at the time of the execution of the lease that the rentals should be paid yearly, and attempted to show an agreement between the plaintiffs and defendant to that effect, and contends that the written instrument was not in accordance with the oral agreement, and that the court should reform the same so as to express the real intention of the parties. In support of this contention defendant relies upon the case of Garfield Oil Co. v. Champlin, 78 Okla. 91, 189 Pac. 514, and other cases.

We are inclined to the view that the trial court would have power to reform this contract, if it were shown that the same did not correspond with the oral agreement and that the written instrument was a result of mutual mistake. But this becomes a question to be determined from the evidence. It appears that plaintiffs testified positively that there was no mistake; that the date of October 14, 1927, was deliberately and intentionally placed in the contract, and that plaintiffs and defendant had no oral understanding or agreement contrary to the terms of said written instrument. The testimony of defendant was directly opposed. The trial court heard the testimony of both parties.

As to whether or not there was such a mutual mistake as to warrant the court to reform the contract, is a question of fact to be determined by the trial court, and his judgment in finding for the plaintiffs is, in effect, a finding that no mutual mistake was made. We have carefully examined the record, and cannot say that such a judgment and finding of the trial court is against the clear weight of the evidence.

It seems to be well settled in this state that, where an oil and gas lease expressly provides that rights of the parties shall terminate if no well be commenced within a fixed period, unless the lessee on or before that date shall pay or tender to the lessor a fixed sum, time is of the essence of such a contract, and unless a well is begun or the rentals provided for paid, the contract is automatically terminated at the end of the period for failure either to commence the operations or to pay rentals. Crowder v. James, 110 Okla. 214, 236 Pac. 891; Garfield Oil Co. v. Champlin, supra.

It seems apparent therefore that, under this rule, although the defendant delayed but one day after the period provided in the contract, and clearly acted under an honest mistake and thought he was paying the rental on the day it was due, courts will not make contracts for defendant under conditions such as exist in the case at bar, and, although only one day's delay intervened, we think the contract was automatically canceled. Defendant contends that there was a universal custom in the oil field that the rental period should be one year. Even though such a custom could be established, it would not prevent parties from entering into a valid written contract setting up a different period. Oil and gas leases are construed in this jurisdiction strongly against the lessee and in favor of the lessor. The terms of the contract are definite. The question of whether there was a mutual mistake is disputed. The trial court under sufficient evidence found, in effect, that there was no mutual mistake. It seems rather a harsh rule under the facts here presented, as lessee acted in good faith, but if the lessee can delay one day, we know of no reason why he could not delay two, or a week, or six weeks. We believe the judgment of the trial court is in accord with the law, and is supported by sufficient evidence.

The cause is therefore affirmed.

TEEHEE, LEACH, REID, and DIFFEN-DAFFER, Commissioners, concur.

By the Court: It is so ordered.