## LEWIS v. GRININGER.

No. 32326. April 8, 1947.

*179 P. 2d 463.*

Owen F. Renegar, of Oklahoma City, for plaintiff in error.

Kenneth Reed and Henry S. Johnston, both of Perry, for defendant in error.

WELCH, J.    This action was commenced by Bert Grininger against E. M. Lewis for cancellation of an oil and gas lease.

Plaintiff, lessor, by pleading stated that the lease had terminated in that no drilling operations had been commenced or annual delay rental paid, as provided in the lease.

Defendant, assignee of lessee, by pleading stated that the failure to pay delay rentals on the due date was excused by plaintiff's failure to give notice of failure to pay rental.

This action was commenced early in the year 1944. The lease was executed in November, 1941. It is undisputed that no drilling operations were ever commenced and no delay rentals were ever paid and no notice ever given to lessee of failure to pay rental. Defendant in 1944, tendered a sum equal to the amount of two years delay rental.

Paragraph 5 of the lease contained this provision:

"If operations for the drilling of a well for oil and gas are not commenced on the land hereby leased on or before Dec. 25, 1942, this lease shall terminate as to both parties, unless the lessee shall on or before Dec. 25, 1942, pay or tender to the lessor . . . the sum of One Hundred Sixty Dollars which shall operate as a rental and cover the privilege of deferring the commencement of drilling operations on the land hereby leased for a period of twelve months. . . ."

Paragraph 15 of the lease is as follows:

"It is agreed that neglect or failure to pay rentals when due shall not operate to forfeit or cancel this lease, until lessor gives lessee notice by registered mail of said failure to pay rental; whereupon lessee shall pay same within 10 days of receipt of said registered letter, or this lease is void."

Judgment was rendered in favor of plaintiff, and defendant appeals.

Defendant contends that the action and judgment for cancellation of the lease cannot be sustained in consideration of the provisions of paragraph 15 of the lease. Chapman v. Carlock et al., 104 Okla. 152, 230 P. 516, and other cases of the same import are cited as in support of the construction of the provisions of paragraph 15 urged by defendant.

The cited case construes the provisions of a so-called departmental lease wherein it was provided that notice must be given to terminate the lease in the event of any violation of the terms thereof. It was held that the giving of the notice therein provided is an essential prerequisite to a cancellation and forfeiture of the lease. The lease provided that it should be subject to the regulations of the Secretary of the Interior; all of which regulations were made a part of the lease, and the lease had a number of terms and conditions peculiar to the departmental form of lease prescribed by the Secretary of Interior for restricted Indian lands. The lease contained the provisions 'upon violation of any of the substantial terms and conditions of this lease the Secretary of the Interior . . . shall have the right, at any time after thirty days notice to the lessee specifying the terms and conditions violated to declare this lease null and void. . . ." It also provided that rental due under terms of the lease might be recovered in an action against the lessee.

We find no analogy between the departmental lease construed in the cited case and the lease here involved. Here there is no question of forfeiture for breach of a covenant or contract to pay an annual rental. This lease by paragraph five merely gives the lessee the option of paying a certain sum and thus extending or continuing the lease, otherwise the lease to expire by its own terms at the end of a year. The lease is operative against the lessor during such extension only upon the timely payment of such sum. The terms of this provision are definite and certain and its operations clear.

Paragraph fifteen is in conflict with paragraph five and indefinite in its terms. It would extend the lease for a period of at least ten days beyond the term of twelve months as provided in paragraph five without payment of any sum to lessor, and for such further indefinite and uncertain length of time until lessee should receive by registered mail a notice by lessor of lessee's failure to pay, and then at the option of lessee to expire by its terms unless lessee chose to make payment. This uncertainty and indefiniteness is made more apparent in the light of the facts in this case. The lease was made to Sungold Syndicate No. Two, without showing any address of lessee, and the assignment of the lease to defendant was not filed of record for more than two years after execution of the lease.

The rules of construction applicable to this lease are stated in Frank Oil Co. v. Belleview Gas & Oil Co. et al., 29 Okla. 719, 119 P. 260, where in the third and fourth paragraphs of the syllabus it is said:

"A different rule of construction obtains as to oil and gas leases from that applied to ordinary leases or to other mining leases. Owing to the peculiar nature of the mineral and the danger of loss to the owner from drainage by surrounding wells, such leases are construed most strongly against the lessee and in favor of the lessor.

"When contracts are optional in respect to one party, they are strictly construed in favor of the party that is bound and against the party that is not bound."

Under the provisions of paragraph five the lease had terminated before the provisions of paragraph fifteen could become operative.

If paragraph fifteen was effective for any purpose, it was not effective to prevent termination of the lease under paragraph five above quoted.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.