PHILLIPS PETROLEUM CO. v.
CURTIS et al.

No. 3997.

United States Court of Appeals
Tenth Circuit.

April 28, 1950.

William J. Zeman, Oklahoma City, Okl. (Don Emery, Rayburn L. Foster, Bartlesville, Okl., Harry D. Turner, Oklahoma City, Okl., on the brief), for appellant.

Solon W. Smith, Oklahoma City, Okl. (James S. Twyford, William J. Crowe, Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

Phillips Petroleum Company[1] brought this action against Joe W. and Lois B. Curtis to quiet title to an oil and gas lease. From an adverse judgment, Phillips has appealed. The question presented is whether, under the facts, which are not disputed, Phillips was entitled under equitable principles to be relieved from a termination of the lease due to its failure to pay the delay rental on or before the time stipulated in the lease.

On October 4, 1946, Joe W. Curtis and Lois B. Curtis[2] gave an oil and gas lease on the SW¼ SW¼ S. 12, T. 3 N., R. 3 W., Garvin County, Oklahoma, to James T. Blanton. The lease is what is known in oil and gas terminology as an "unless" lease. It contained this provision:

"If no well be commenced on said land on or before the 4th day of October, 1947, the lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, * * * the sum of Forty and No/100 Dollars * * *.

"In like manner and upon like payments or tenders the commencement of a well may be further deferred for like period of the same number of months successively."

Such lease was numbered 51365-A.

At the time they executed the above-mentioned lease, the lessees owned an undivided ⅓ interest in the minerals in such tract of land. Shortly after they executed such lease they sold an undivided ½₄ interest in such minerals, subject to such

---

1. Hereinafter called Phillips.

2. Hereinafter called the lessees.

lease. Thereafter, under the terms of the lease, the rental was to be apportioned and the amount due the lessees on October 4, 1948, was $11.67.

On January 22, 1948, Phillips acquired such lease from Blanton by assignment. The delay rentals for October 4, 1947, were duly paid. No well was commenced on any portion of such lease on or prior to October 4, 1948, and no delay rental was paid or tendered to the lessees or for their credit in the depository bank named in the lease on or prior to October 4, 1948, because of an inadvertent error made by an employee of Phillips. Promptly upon discovering such error, about December 1, 1948, Phillips informed the lessees thereof and tendered to them the amount of the rental, which they refused. Phillips continued to tender the amount of the rental, with legal interest, but the lessees refused to accept same.

On January 2, 1946, Mabel M. Arnett executed an oil and gas lease to Phillips, covering an undivided ⅔ interest in the SE¼ of the NE¼, the SW¼ of the SW¼, the S½ of the NW¼ of the SW¼, the SW¼ of the NE¼ of the SW¼ and the NE¼ of the NE¼ of the SW¼, all in S. 12, T. 3 N., R. 3 W., Garvin County, Oklahoma. Such lease was numbered 51365.

On January 2, 1948, Joe W. and Lois B. Curtis executed and delivered to Phillips a lease covering an undivided ⅓ interest in the SE¼ of the NE¼, the S½ of the NW¼ of the SW¼, the SW¼ of the NE¼ of the SW¼ and the NE¼ of the NE¼ of the SW¼, all in S. 12, T. 3 N., R. 3 W., Garvin County, Oklahoma. Such lease was numbered 51365-B.

The two leases from Joe W. and Lois B. Curtis covered a ⅓ interest in the 120 acre tract and the lease from Arnett covered the remaining ⅔ interest in the 120 acre tract.

Phillips paid $200 per acre for leases No. 51365-A and 51365-B and $50 per acre for lease No. 51365.

Phillips is a large producer of petroleum products and a large purchaser and holder of oil and gas leases. It handles approxi-mately 36,000 delay rental payments each year. It has set up and maintains a comprehensive and systematic set of records and accounts which is administered by trained and competent personnel for the purpose of servicing its oil and gas leases and paying delay rentals thereon. Under its system errors are exceedingly rare.

On September 15, 1948, an employee of Phillips, in the performance of his duties, made an entry in its lease records that lease No. 51365-A was held by "Production," because of his inadvertent conclusion that a well located on the NW¼ of the SE¼ of the NE¼ of Section 12, which was commenced by Phillips on July 31, 1948, and completed by it on September 9, 1948, as a commercial producer, was a commencement and completion of a well on lease No. 51365-A. The error of such employee did not constitute gross negligence.

Phillips was ready, willing, able and desirous of paying such rental, if necessary, to keep such lease in force and would have timely and properly paid such rental, but for the mistake of its employee.

It will be observed that the error was made by an employee of Phillips, subject to its direction and supervision, and not by an independent agent, such as the United States Post Office Department or a depository bank.

23 Okl.St.Ann. § 2, provides: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, wilful or fraudulent breach of duty."

25 Okl.St.Ann. § 6, defines gross negligence as "the want of slight care and diligence," and slight negligence as "the want of great care and diligence."

The effect of the failure of Phillips to pay the delay rental on or before October 4, 1948, and whether it is entitled under the facts and circumstances presented, to equitable relief, must be determined under the applicable law of Oklahoma. The decisions of the Supreme Court of Okla-

homa are not entirely consistent and our problem is not free from difficulty. We shall undertake to state the applicable Oklahoma law as we discern it from the decisions of the Supreme Court of Oklahoma.

■ Under an "unless" lease the lessee has an option to continue the lease in force by paying the stipulated rental on or before the designated date, and it is subject to termination at his will, which privilege he may exercise by a failure to commence a well or pay the rental within the time stipulated in the lease, in which case the lease automatically terminates.[3]

■ When a contract is optional in respect of one party thereto, it will be strictly construed in favor of the other party;[4] and an "unless" lease is construed "most strongly" against the lessee and in favor of the lessor.[5]

■ Time is of the essence of the provision in an "unless" lease for the payment of delay rental;[6] and the payment of the delay rental on or before the specified date is a condition precedent, which must be performed in order to continue the lease in force and give the lessee the right to defer drilling operations;[7] and such a lease is automatically terminated at the end of the original term, upon failure of the lessee either to commence a well or to pay the delay rental on or before the specified date, by reason of the agreement of the parties.[8]

While in certain decisions the Supreme Court of Oklahoma has referred to the effect of the failure to pay delay rental on or before the specified date as a forfeiture of the lease, it has expressly held that the effect is not a forfeiture, but merely a termination of the lease in accordance with the agreement of the parties and that the equitable principles with respect to relief from forfeitures have no application;[9] and in Williams v. Ware, 167 Okl. 626, 31 P.2d 567, at page 570, the court expressly held that 23 Okl.St.Ann. § 2, has no application to an "unless" lease which has terminated by failure to pay delay rental within the specified time.

3. Williams v. Ware, 167 Okl. 626, 31 P.2d 567, 570, and cases there cited. Northwestern Oil & Gas Co. v. Branine, 71 Okl. 107, 175 P. 533, 535, 3 A.L.R. 344; Eastern Oil Co. v. Smith, 80 Okl. 207, 195 P. 773, 775; Garfield Oil Co. v. Champlin, 78 Okl. 91, 189 P. 514, 519; New England Oil & Pipe Line Co. v. Rogers, 154 Okl. 285, 7 P.2d 638, 641; Lewis v. Grininger, 198 Okl. 419, 179 P.2d 463, 464; Frank Oil Co. v. Belleview Gas & Oil Co., 29 Okl. 719, 119 P. 260, 262–265; Mitchell v. Probst, 52 Okl. 10, 152 P. 597, 598–599; Crowder v. James, 110 Okl. 214, 236 P. 891, 892; Graves v. Nichlas, 151 Okl. 27, 1 P.2d 708, 710. See, also, Gloyd v. Midwest Refining Co., 10 Cir., 62 F.2d 483, 485.

4. Eastern Oil Co. v. Smith, 80 Okl. 207, 195 P. 773, 778, and cases there cited. Garfield Oil Co. v. Champlin, 78 Okl. 91, 189 P. 514, 520; Lewis v. Grininger, 198 Okl. 419, 179 P.2d 463, 464; Williams v. Ware, 167 Okl. 626, 31 P.2d 567, 570; Frank Oil Co. v. Belleview Gas & Oil Co., 29 Okl. 719, 119 P. 260, 265, 43 L.R.A.,N.S., 487.

5. McKinlay v. Feagins, 82 Okl. 193, 198 P. 997, 998; New England Oil & Pipe Line Co. v. Rogers, 154 Okl. 285, 7 P.2d 638, 641.

6. Garfield Oil Co. v. Champlin, 78 Okl. 91, 189 P. 515, 521; Eastern Oil Co. v. Smith, 80 Okl. 207, 195 P. 773, 775; McKinlay v. Feagins, 82 Okl. 193, 198 P. 997, 998; New England Oil & Pipe Line Co. v. Rogers, 154 Okl. 285, 7 P.2d 638, 641; Williams v. Ware, 167 Okl. 626, 31 P.2d 567, 570.

7. Garfield Oil Co. v. Champlin, 78 Okl. 91, 189 P. 514, 520, 521; Curtis v. Harris, 76 Okl. 226, 184 P. 574, 575; McKinlay v. Feagins, 82 Okl. 193, 198 P. 997, 998; Williams v. Ware, 167 Okl. 626, 31 P.2d 567, 569.

8. Williams v. Ware, 167 Okl. 626, 31 P.2d 567, 570; Eastern Oil Co. v. Smith, 80 Okl. 207, 195 P. 773, 779; Harris v. Kearns, 144 Okl. 225, 291 P. 100, 101; Crowder v. James, 110 Okl. 214, 236 P. 891, 892.

9. Eastern Oil Co. v. Smith, 80 Okl. 207, 195 P. 773, 781; Curtis v. Harris, 76 Okl. 226, 184 P. 574, 575; Garfield Oil Co. v. Champlin, 78 Okl. 91, 189 P. 514, 519; Williams v. Ware, 167 Okl. 626, 31 P.2d 567, 569–570; New England Oil & Pipe Line Co. v. Rogers, 154 Okl. 285, 7 P.2d 638, 641.

The case of Brunson v. Carter Oil Company,[10] D.C.Okl., 259 F. 656, was decided May 31, 1919, by the United States District Court for the Eastern District of Oklahoma. The facts in the case were these: On May 18, 1916, A. C. Flowers and Cordie Flowers executed and delivered to Carter an "unless" oil and gas lease covering certain lands in Stevens County, Oklahoma. Thereafter, the Flowers conveyed the land to Brunson. On May 5, 1917, Brunson mailed to Carter a copy of his deed from the Flowers. Upon receipt of such deed Carter wrote to Brunson advising him that an entry of the change of ownership had been noted on its rental sheet showing that Brunson had acquired the land and was entitled to the rentals thereafter to accrue. However, through inadvertence and mistake of the clerk charged with the duty of making such notation on the rental sheet, such notation was not made. Carter failed to pay the rental due to Brunson on the lease, May 19, 1917, due to such error. However, on April 15, 1918, Carter prepared a check in the sum of $90, the amount of rental due on the lease May 19, 1918, payable to the order of the First National Bank of Duncan, Oklahoma, for deposit to the credit of the original lessors, and forwarded such check to the bank on April 20, 1918. The bank deposited the check to the credit of the original lessors. The court held that since Carter had paid a substantial consideration for the lease and had clearly manifested its intention to keep the lease alive by payment of rental, a termination of the lease would amount to a forfeiture and that Carter was entitled to equitable relief.

The case of Harvey v. Benmo Oil Co., 272 F. 475, was decided April 11, 1921, by the United States District Court for the Eastern District of Oklahoma. In that case the lessee under an "unless" lease, on June 7, 1920, forwarded a letter and a check to cover the delay rental by registered mail, properly addressed, with postage duly prepaid thereon, to the American State Bank at Beggs, Oklahoma, the depository bank. The delay rental was due June 16, 1920. Through delay in the mails the letter and check did not reach the bank until June 18, 1920. The court held that a termination of the lease on account of the failure to pay the delay rental, under the circumstances, would be in the nature of a forfeiture and that the lessee was entitled to equitable relief.

In two cases, Brazell v. Soucek, 130 Okl. 204, 266 P. 442, and Oldfield v. Gypsy Oil Co., 123 Okl. 293, 253 P. 298, the Supreme Court of Oklahoma held that the lessee under an "unless" lease was entitled to equitable relief against the termination of the lease by reason of the lessee's failure to pay the delay rental within a specified time, and as applied to the particular facts in those cases, approved the principles laid down in the Brunson and Harvey cases. In the Brazell case, the lessee left a check with the depository bank, drawn on such bank, to pay the delay rental, advised the cashier of the bank when the delay rental was due and instructed him to deposit the check to the credit of the lessor. Sufficient funds were on deposit to the credit of the lessee to cover such check. Because of a misunderstanding as to the date when the rental was due, the cashier failed to deposit the check in time.

In the Oldfield case, the lessee forwarded a draft by registered mail to the Stillwell National Bank, the depository bank, to cover the rental payment in ample time for it to reach the depository bank in the usual course of mail, before the due date of the rental. The postal clerk erroneously delivered the registered letter to the First National Bank of Stillwell, which signed the return registered receipt. Due to such error the draft did not reach the depository bank in time.

It will be observed that in the Brazell and Oldfield cases, the failure of the check and draft, respectively, to be deposited in the depository bank to the credit of the lessor within the time specified in the respective leases, was due to the mistake of an independent agency not under the supervision and control of the lessee and was

10. The Carter Oil Company will hereafter be referred to as Carter.

not due to the mistake of an agent or employee of the lessee in the performance of his duties, acting under the supervision and direction of the lessee.

In Gloyd v. Midwest Refining Co., 10 Cir., 62 F.2d 483, we held that where the lessee, under an "unless" lease mailed a check payable to the order of the lessor in ample time for it to reach him in the usual course of mail, before the delay rental was due, and the check failed to reach the lessor before the due date because of unusual delay in the mails, the lessee was entitled to equitable relief against the termination of the lease.

The Harvey case and the Gloyd case fall in the same category as the Brazell and Oldfield cases.

In no case, so far as we have been able to discover, has the Supreme Court of Oklahoma held that the lessee was entitled to equitable relief from the termination of an "unless" lease by reason of failure to pay the delay rental within the time specified in the lease, where the failure, although unintentional, was caused by a mistake of an employee or agent of the lessee in the performance of his duties, acting under the direction, supervision and control of the lessee.

Moreover, in New England Oil & Pipe Line Co. v. Rogers, 154 Okl. 285, 7 P.2d 638, 641, the court distinguished the Harvey case and the Brazell case on the ground that in those cases the failure of the delay rental payments to reach the lessor on or before the time they were due, was caused by the mistake of an independent agency and was not due to the mistake or negligence of the lessee and expressly repudiated the Brunson case. The court said: "Harvey v. Benmo Oil Co., supra, and Brazell v. Soucek, supra, are clearly distinguishable from the instant case, as therein the mistakes, errors, etc., by reason of which the rentals when due did not reach the parties entitled thereto, were not the mistakes or negligence of the lessee * * *. The principle applied in the Brunson Case, supra, to the effect that, where down payments for what is termed an 'unless lease' is substantial,

and is a consideration for the execution of the lease, and also for the option to renew or extend the term from time to time by drilling or commencing a well, as the case may be, or with a stipulated sum called rental for the privilege of deferring for a definite time the drilling or commencement of a well, the failure to drill or pay works a forfeiture of a valuable right conferred under a valid mutual contract based on a valuable consideration, has never been applied by this court. On the other hand, this court has many times before and since the Brunson Case held that in such cases, upon failure to drill or pay within the time provided by the option clause, the lease automatically terminates, and that the equitable rules against forfeiture do not apply."

 Accordingly, we conclude that under the law of Oklahoma, denial of equitable relief, harsh as it may seem, was proper under the facts and circumstances of the instant case.

Affirmed.