Ted J. LATHAM and Herschelene Latham, husband and wife, Plaintiffs,

v.

CONTINENTAL OIL COMPANY, a corporation, Defendant.

No. CIV–79–1089–D.

United States District Court, W.D. Oklahoma.

Dec. 8, 1980.

---

Mark Wesner and Charles Rainbolt, Cordell, Okl., for plaintiffs.

John R. Robertson, Jr., Oklahoma City, Okl., John Wimbish, Houston, Tex., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Plaintiffs originally filed this action in the District Court of Washita County, Oklahoma, seeking to cancel a certain oil and gas lease owned by Defendant covering a tract of Plaintiffs' land in Washita County described as the SW/4 of Section 4, Township 8 North, Range 19 West I.M. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441 and asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy. Plaintiffs and Defendant have submitted this action to the Court for decision on stipulated facts. The parties have filed trial briefs and exhibits herein and this action is now ready for decision.

The tract of land in question was under lease to Mobil Oil Corporation for a term of ten years by a lease dated July 23, 1968. In said previous lease and in the original patent covering the property in question the acreage content was shown to be "160 acres, more or less." Said prior lease called for a delay rental payment to be made annually on July 23 in the amount of $160.00 and all previous delay rental payments were in fact for $160.00. The U.S. D.A. Agricultural Stabilization and Conservation Service records show that the tract in question contains 170 acres. Both parties in the instant action at the suggestion of the Court commissioned separate surveys of the tract involved. Plaintiffs' survey was by Paul Hughes and shows the tract of land to contain 169.16 acres. Defendant's survey was by Robert C. Blubaugh and shows 164.-36 acres.

The lease in question was dated May 23, 1977,[1] and was drawn for a term of five years beginning July 23, 1978 and as long thereafter as oil or gas are produced from said land by the lessee. The lease purports to cover "170 acres, more or less," and provides for termination in one year unless lessee makes payment of annual delay rentals in the amount of $170.00 to be paid to lessor or to lessor's credit in the named depository bank on or before July 23, 1979 and annually thereafter on the 23rd day of July during the primary term of the lease.

The parties have stipulated that the lease clause in question is what is commonly referred to in the oil and gas industry as an "unless" clause lease.[2] The parties have further stipulated that Defendant tendered to the depository bank, the Farmers National Bank, Cordell, Oklahoma, the sum of $160.00 on June 4, 1979 as delay rental on behalf of Plaintiffs; said sum was credited to Plaintiffs' account; Plaintiffs had actual knowledge that Defendant had tendered said $160.00 on June 10, 1979; and that said $160.00 tender was returned to Defendant by Plaintiffs on July 24, 1979. The parties agree that the delay rental payment called for in the lease was not made on or before July 23, 1979 as required by said lease.

Plaintiffs contend: That as the delay rentals called for in the lease were not paid on or before July 23, 1979 and that said nonpayment was due to the error of Defendant, the lease in question terminated by its own terms. Therefore, Plaintiffs assert they are entitled to have said lease cancelled and the Court should quiet title on their land as to said lease.

Defendant contends: (1) That Plaintiffs' tract of land contains 160 acres and not 170 acres as indicated in the lease in question and therefore, the parties' predecessors in title made a mutual mistake of fact which should be corrected by reformation of said oil and gas lease; (2) That said ambiguity respecting acreage content was created by the parties' predecessor in title and not by Defendant; (3) Plaintiffs were on notice on or before June 4, 1979 that the delay rental check in question was for $160.00 and not $170.00, but Plaintiffs retained said check until the due date had passed, all in violation of an implied covenant of fair dealing; (4) That the lesser interest clause within the lease automatically brings about the payment of annual delay rentals in an amount equal to the number of acres actually covered by this lease; and (5) That the Plaintiffs were paid $17,000.00 bonus for the lease for 170 acres and any overpayment of bonus should be applied as an advance delay rental.

■ In an "unless" form lease, which provides that a well be commenced within a certain time or the lease would terminate unless the lessee pays or tenders to lessor a stipulated delay rental, failure to commence a well or pay said delay rentals within the time specified terminates the lease. *Phillips Petroleum Co. v. Curtis,* 182 F.2d 122 (Tenth Cir.1950); *Petroleum Engineers Producing Corp. v. White,* 350 P.2d 601 (Okl. 1960); *Kugel v. Young,* 132 Colo. 529, 291 P.2d 695 (1955) (citing Oklahoma law); *Superior Oil Co. v. Jackson,* 207 Okl. 437, 250 P.2d 23 (Okl.1952); *Ellison v. Skelly Oil Co.,* 206 Okl. 496, 244 P.2d 832 (Okl.1951). Failure to meet this condition of the lease does not cause a forfeiture of said lease; it merely expires by its own terms. *See Phillips Petroleum Co. v. Curtis, supra; Kugel v. Young, supra.* This includes any failure to meet this requirement which is in any way attributable to the lessee, his employ-

1. The tract of land in question was top leased with Mike Rainbolt as lessee who later assigned said lease to Defendant on June 6, 1977.

2. Said clause reads in pertinent part:
   If drilling operations or mining operations are not commenced on the leased premises on or before one year from July 23, 1978, this lease shall then terminate as to both parties unless Lessee on or before the expiration of said period shall pay or tender to Lessor, or to the credit of Lessor in Farmers National Bank bank [sic] at Cordell, Oklahoma 73632 or any successor bank, the sum of one hundred seventy and no/100ths-Dollars, ($170.00), hereinafter called 'rental' which shall extend for twelve months the time within which drilling operations or mining operations may be commenced.

ees, or agents selected by him. Intention, good faith, or a mistake on the part of the lessee generally are not material and will not excuse the lessee's failure to strictly comply with said lease condition. *Kugel v. Young, supra; Ellison v. Skelly Oil Co., supra.* If on the other hand the failure to comply with the delay rental clause of an oil and gas lease is caused by an independent cause not contributed to by the lessee, equity will not declare a lease terminated. *Knight v. Yoakam,* 338 P.2d 1075 (Okl. 1959). Furthermore, if a lessee acted reasonably and in good faith when it paid a delay rental, prior to the due date, for an inadequate amount because of a mistaken belief concerning said amount, then the lessor, on discovering that the delay rental amount was inadequate, is under a duty to advise the lessee that the payment was inadequate or be estopped to assert that the lease terminated because of inadequate payment. *Hove v. Atchison,* 238 F.2d 819 (Eighth Cir.1956); *see generally* Annotation, *Mistake, accident, inadvertence, etc., as grounds for relief from termination or forfeiture of oil or gas lease for failure to complete well, commence drilling, or pay rental, strictly on time,* 5 A.L.R.2d 993 (1949).

In the instant case, Defendant desired to keep the lease in effect as evidenced by Defendant depositing $160.00 in the depository bank on June 4, 1979, more than seven weeks prior to the due date. Furthermore, Defendant's mistake as to the amount of the delay rental was reasonable as the July 23, 1979 delay rental payment was to be the first payment under the May 23, 1977 lease for the new increased amount of $170.00. All previous delay rental payments on the tract in question had been for $160.00 under a lease dated July 23, 1968. Plaintiffs knew that there was some confusion concerning the actual acreage content of the tract in question and that the July 23, 1979 delay rental was to be the first payment of $170.00 instead of $160.00. Yet when the Defendant tendered $160.00 more than seven weeks prior to the due date of said delay rental payment, Plaintiffs chose to retain the payment which had been deposited in their account and remain silent concerning the inadequate amount until the day after the due date for the delay rental. Under these circumstances equity should not allow a termination of the lease in question.

In view of the foregoing and after due consideration of all briefs and stipulations by the parties, the Court finds and concludes that the Plaintiffs should be estopped to assert a termination of said lease because of Defendant's failure to make an adequate delay rental payment on or before July 23, 1979. *See Hove v. Atchison, supra.* Therefore, the Court determines that judgment should be entered in favor of Defendant and against Plaintiffs dismissing Plaintiffs' action provided that Defendant pay Plaintiffs within thirty days hereof the sum of $170.00 which is owed to Plaintiffs for the delay rental payment due on July 23, 1979, and the further sum of $170.00 owed Plaintiffs for the delay rental payment due on July 23, 1980. Said payments shall be made to Plaintiffs' credit in the depository bank named in the lease involved herein. The Court will enter an appropriate judgment of dismissal when notified by the Defendant that these payments have been made.