The ANSCHUTZ
CORPORATION, Appellee,

v.

Kenneth SANDERS, Appellant.

No. 61281.

Supreme Court of Oklahoma.

Feb. 3, 1987.

Birdwell & Pain by William F. Pain and Ronald J. Pool, Oklahoma City, for appellee.

Adcock & Flowers by Jon Flowers, Shawnee, and Abel, Musser, Sokolosky & Clark by Larry D. Bishop and Glen Mullins, Oklahoma City, for appellant.

LAVENDER, Justice.

Appellee, The Anschutz Corporation, is the holder of an oil and gas lease covering an undivided fractional interest[1] in an 106.7 acre tract in the northwest quarter of Section 19, Township 9 North, Range 4 East in Pottawatomie County. The surface estate in this tract is owned by appellant Kenneth Sanders. Appellee's lessor is the owner of a severed mineral interest in this property.

Appellee initiated the present action by filing a petition for injunctive relief to prohibit appellant from interfering with appellee's entrance onto the surface estate for the purpose of conducting seismic testing of the property. A hearing was had in the matter and a temporary injunction issued, enjoining appellant from interfering with appellee's survey and seismic exploration of the property. Appellant now challenges the propriety of the issuance of the injunction.

The basis of appellant's arguments on appeal is his assertion that the surface

---

1. The interest leased by appellee represents nine and a third acres of the 106.7 acre tract.

damages act, 52 O.S.Supp.1982, §§ 318.2 through 318.9, applies to an oil and gas lessee seeking to make entry onto the surface estate for the purpose of exploration activities. Appellant argues that the act does so apply and that appellee had no right to enter onto the land without complying with the provisions of the act.

Appellant presents a rather unique line of reasoning to support his theory. Appellant would have us believe that because the States of Montana, South Dakota and North Dakota have provided that their respective surface damages acts [2] shall apply to exploration activities, the State of Oklahoma must likewise have so intended. This reasoning founders on the basic tenets of statutory construction.

■ The right to go upon land to prospect for and take oil and gas is a proper subject of ownership.[3] Appellee's lessor was possessed of such a right in the surface property owned by appellant. This right was in turn passed to appellee by the terms of its lease. As explained in the case of *Davon Drilling Company v. Ginder:*[4]

> We are cognizant of decisional law which requires oil and gas leases to be construed in accord with reasonable intendment of the parties, if ascertainable from within four corners of the contract. *Lewis v. Grininger,* 198 Okl. 419, 179 P.2d 463. And, that a lessee has right of ingress and egress, and to occupy surface of the land to the extent reasonably necessary for exploring and marketing oil and gas. *Rich v. Doneghey,* 71 Okl. 204, 177 P. 86, 3 A.L.R. 352; *Mid-Continent Petroleum Corp. v. Donelson,* 189 Okl. 273, 116 P.2d 271. An oil and gas lease, either by express grant or by implication, carries the right to surface pos-

session so far as necessarily incident to perform the obligations imposed by the lease. Summer's O. & G. (Per.Ed.) § 652; *Pulaski Oil Co. v. Conner,* 62 Okl. 211, 162 P. 464; L.R.A. 1917C, 1190. Basis of the rule rests upon the principle that when a thing is granted all means to obtain it and all fruits and effects likewise are granted....

Any subsequent legislative action taken in derogation of these recognized rights of access to the surface must be strictly construed against the abrogation of such rights.[5] The statutory scheme adopted by Oklahoma contains a clear definition of the term "operator." An operator is defined as one engaged in drilling or in preparations to drill.[6] The subsequent duties imposed by the legislation: to file a surety bond, to engage in negotiations with the surface owner concerning damages, or to file a petition seeking appraisement of those damages, are placed upon the "operator." One who is engaged merely in the process of geophysical exploration may, as a result of that exploration, determine not to drill at all.

■ The right of entry for the purpose of exploration has been previously recognized as part of Oklahoma decisional law. The legislation which appellant argues derogates that right is specifically addressed only to drilling and production operations. To infer an intent of the Legislature that this statutory scheme was also to function to limit the right to engage in exploratory activities is not a permissible result.

■ This conclusion is strengthened by the very authorities cited by appellant. The Legislatures of Montana, South Dakota and North Dakota, to apply their surface damages acts to exploratory activities, used specific language to achieve that re-

---

**2.** Mont.Rev.Codes Ann. §§ 82–10–501 through 82–10–511; S.D. Codified Laws Ann. §§ 45–5A–1 through 45–5A–11; N.D.Cent.Code §§ 38–11.1–01 through 38–11.1–09.

**3.** See *Stone v. Texoma Production Co.,* 336 P.2d 1099, 1101 (Okla.1959).

**4.** 467 P.2d 470, 472, 473 (Okla.1970); and see also *Cormack v. Wil–McCorp.,* 661 P.2d 525, 526 (Okla.1983).

**5.** See *In re Adoption of Graves,* 481 P.2d 136, 138 (Okla.1971).

**6.** 52 O.S.Supp.1982 § 318.2(1).

sult.[7] The Oklahoma Legislature has not seen fit to make that application. Our scheme is clearly addressed, by its definition of the effectuating term "operator," to drilling operations.[8] "[W]here the language of a statute is plain and unambiguous and the meaning clear and unmistakable, there is no room for construction, and no justification exists for interpretative devices to fabricate a different meaning."[9]

This is not to say that appellant is without a remedy to recover damages from unreasonable or excessive use of the surface which may result from appellee's exploratory activities.

As the remaining arguments of appellant are all premised upon the assertion of the applicability of the Oklahoma surface damages act to geophysical exploration activities, and as we have found that act not to apply, the remaining arguments are bereft of merit. Appellee had a right to enter the land for the purpose of such exploration under its lease. Upon appellant's denial of entry the only effective remedy available to appellee was the injunctive relief sought through the trial court. That relief in this case was properly granted. The action of the trial court is accordingly affirmed.

All the Justices concur.

---

7. Note 2, supra.

8. 25 O.S. 1981, § 2.

9. *In re Guardianship of Campbell,* 450 P.2d 203, 205 (Okla.1966).