## FEDERAL SURETY CO. v. L. B. ADAMS LUMBER CO.

No. 22165.   Feb. 5, 1935.

Ames, Cochran, Ames & Monnet and Ben Hatcher, for plaintiff in error.

B. C. King and W. A. Delancy, Jr., for defendant in error.

PER CURIAM.  Plaintiff in error was the defendant below, and defendant in error was the plaintiff below.  Plaintiff in error will be referred to herein as the defendant, and the defendant in error will be referred to herein as the plaintiff.

Facts Stated: This is an action by the L. B. Adams Lumber Company, a domestic corporation, against Dick & Harbert, Inc., a domestic corporation, and Federal Surety Company, a corporation, incorporated under the laws of Iowa, but authorized to do business in Oklahoma.  Defendant in error was the plaintiff in the court below, and the plaintiff in error, Federal Surety Company, was defendant below.  The parties will be referred to herein as they appeared in the trial court.

Plaintiff alleged in its first cause of action that the defendant Dick & Harbert, Inc., was indebted to it in the sum of $3,148.69, with interest at the rate of six per cent. from the 28th day of March, 1929, for goods, wares, merchandise, material, and supplies furnished and sold to the defendant as shown by an itemized account attached to the petition and marked "Exhibit A."  The itemized account so attached sets out and described certain lumber and cement in the total amount of $11,330.76, with a credit of $8,182.07, leaving a balance due of the amount of $3,148.69.

In the second cause of action plaintiff alleged that defendant was indebted to it in the sum of $606.70, together with interest thereon from the 8th day of August, 1929, for certain goods, wares, merchandise, material, and supplies furnished and sold to the defendant between the 19th day of July, 1929, and the 8th day of August, 1929, as per itemized account attached and marked "Exhibit B," which itemized account sets out and describes certain cement, rock, lumber, paint, nails, etc.  Plaintiff further alleged that the material, supplies, goods, wares, and merchandise were sold to the defendant Dick & Harbert, Inc., for it to use in the construction of a pavement in the town of Allen, Pontotoc county, in paving districts designated as Nos. 1 and 2; that the defendant Dick & Harbert, Inc., were the successful bidders for the contract to pave the streets of the town of Allen, districts 1 and 2; that at the time the defendant Dick & Harbert, Inc., was awarded the contract to pave said streets, the defendant Federal Surety Company executed a statutory bond, guaranteeing the payment

of all material, supplies, and merchandise furnished and delivered to Dick & Harbert, Inc., and used by it in the street improvement districts Nos. 1 and 2, and attached copies as "Exhibits B and C" of the bond executed by defendant Federal Surety Company. The conditions of the bond "Exhibit B" provide:

"If said Dick & Harbert, Inc., principal, shall well and truly pay for the work of all laborers, subcontractors, teamsters, teams, and wagons employed on said work, and for all material used therein, then this obligation to be void; otherwise, this obligation shall remain in full force and effect."

The conditions of the bond "Exhibit C" are identical with the bond described as "Exhibit B."

The defendants filed an answer out of time on July 9, 1930, which answer is a general denial, signed by Ben Hatcher, attorney for the defendants, and verified by Ben Hatcher. The case was set for trial on the 16th day of July, 1930, and on that date the defendant Federal Surety Company appeared by its attorney, Mr. Hatcher, and asked and was granted leave to file an amended answer, which amended answer is a general denial, and pleads that the projects (the street pavement) referred to in plaintiff's petition, in connection with which the bond sued on was given, were fully completed and accepted as completed more than six months prior to the commencement of this suit, and that the causes of action, and each of them, set forth in plaintiff's petition, were barred by, the six months' statute of limitation provisions of section 7487, C. O. S. 1921 (sec. 10984, O. S. 1931). This answer was not verified. The cause proceeded to trial on the petition and amended answer of the Federal Surety Company. Plaintiff introduced its evidence, proved the correctness of the account against Dick & Harbert, Inc., demand for the payment of the account, the amount due thereon, and the bonds executed by the defendant Federal Surety Company, and what a reasonable attorney's fee would be, and rested its case. The defendant introduced no evidence, whereupon the court rendered judgment in favor of the plaintiff against Dick & Harbert, Inc., and Federal Surety Company, for $3,755.39 and an attorney's fee of $375.53. Defendant assigns as ground for reversal two errors of the trial court. First, that defendant demanded a jury trial; and second, that attorney's fees are not recoverable against the defendant in this kind of a case.

There is considerable argument and difference of opinion between the attorneys for the plaintiff and the defendant, the court reporter and the trial court, as to whether or not the defendant waived a jury. On page 41 of the case-made, it is shown:

"By Mr. Hatcher: Let the record show that the defendant Federal Surety Company asks for a jury trial; that it was denied and the defendant excepts."

The judgment of the trial court does not show that the defendant Federal Surety Company asked or requested a trial by a jury. The judgment shows that:

**"The defendants announced that they were not ready for trial in said cause, but the court, after hearing statements of counsel, is of the opinion that said cause should proceed to trial."**

The finding of the trial court on the suggestions of amendment to case-made is that that part of the record saving an exception to the denial of a jury trial should be stricken, and the further finding of the trial court is that it was not called to his attention that the defendant Federal Surety Company demanded a jury trial.

1. It seems to us from a review of this entire record and of all the proceedings had, that if there was anything said by the defendant Federal Surety Company, or its attorney, about a jury trial, it was a mere statement of Mr. Hatcher to the court reporter and made out of the hearing of the court. It is our opinion that the defendant, by its conduct and demeanor during the trial, led the trial judge to believe that it was waiving a jury, and that, if error was committed by the trial court, it was invited by the defendant. Dictating to the court reporter, where not called to the trial court's attention, a demand for a jury trial amounts to an invitation to the court to commit error, and one who invites error in the trial court cannot complain of such error in the appellate court.

2. The fact that the defendant, on the day the case was called for trial, asked and obtained leave to file an amended answer, that the defendant offered no testimony to support its contention as set out in the answer, that it did not deny the execution of the bonds, and all the proceedings had in the case, go to show to our minds that the trial court was led to believe that the defendant Federal Surety Company was waiving a jury in the trial of the case. It is true that it does not affirmatively appear in the record that the defendant waived a jury. A party to a lawsuit may, by his silence, acts, and conduct, waive a jury trial the same as if specifically waived and shown

of record, and by the acts and conduct of the defendant Federal Surety Company they have waived a jury in this case.

3. In a law action, such as this was, either party has a constitutional and statutory right to a trial by a jury, but this right is such a right as may be waived by the parties, and where a party to a lawsuit does not specifically call the trial court's attention to his demand for a constitutional right, which he may waive, his failure to call such a matter to the court's attention is such silence, act, and conduct as amounts to a waiver of the right.

4. As to the second proposition, that an attorney's fee is not recoverable in a case of this kind, we agree with the contention of the plaintiff in error. The statute provides that in an action to enforce any lien, the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, but this is not an action to enforce a lien. It is an action on a surety bond for a money judgment, and, in the absence of contract or statutory provision, an attorney's fee cannot be recovered.

5. The amount of the judgment rendered for plaintiff for attorney's fees may be separated from the judgment for the material furnished. Where a judgment was rendered for plaintiff for a greater amount than he was entitled to recover, the judgment will be affirmed on appeal if plaintiff files a remittitur for the excess.

For the reasons herein stated, we think the judgment of the trial court should be affirmed when the remittitur for the amount of the attorney's fee for which judgment was rendered is filed in this case. Plaintiff should have judgment on the supersedeas bond against the Federal Surety Company of New York for $3,755.39 and interest at the rate of six per cent. per annum from March 28, 1929, and for cost of the action. Affirmed.

The Supreme Court acknowledges the aid of District Judge Geo. T. Arnett, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by this court