**DAVON DRILLING COMPANY,**
Plaintiff in Error,

v.

**Bill GINDER, Defendant in Error.**

No. 42646.

Supreme Court of Oklahoma.

March 24, 1970.

Montgomery . & Curtis, Fairview, for plaintiff in error.

Ginder & Moore, Cherokee, for defendant in error.

BERRY, Vice Chief Justice.

Defendant in error, referred to as plaintiff, brought this action to recover money judgment allegedly due as rental for surface use of land upon which defendant held and operated a producing oil and gas lease. Upon trial of the case plaintiff's motion for directed verdict upon defendant's opening statement was sustained, and the case was tried upon the sole issue as to amount of reasonable rental. Judgment was entered upon a jury verdict ($1,200.00) in plaintiff's favor, and defendant perfected this appeal.

The controversy evolved from an oil and gas lease executed January 25, 1957, by plaintiff and wife to defendant as lessee of a described 136.04 acres. So far as pertinent, this instrument was standard lease form wherein the granting clause and other parts not material here, was amended by interlineation to read:

"* * * for the purpose of mining and operating for and producing oil and gas, casinghead gas and casinghead gasoline, laying pipe lines, building tanks, storing oil, building powers, stations, telephone lines and other structures thereon to produce, save, take care of and manufacture all of such substances, and for housing and boarding employees, *provided a reasonable rental is paid for the land so used,* * * *." (emphasis supplied)

In substance, the petition alleged execution of the lease, drilling of producing oil wells on the land in 1957, building of roads connecting these wells and erection of a tank battery, and defendant's payment of small annual rental ($100.00) for land used until January 1, 1963. Because of defendant's roads, well locations and tank battery great difficulty in farming remaining land created additional expense in farming around wells, roads and tanks, and sum of $500.00 was a reasonable rental for land used in defendant's operation. Plaintiff sought judgment for three years rental for $1,500.00, costs and attorney fees. Plaintiff's original petition did not plead or rely on the proviso shown in the above quotation. Defendant's demurrer to this petition was sustained and an amended petition was filed.

Plaintiff's amended petition alleged all property was tillable farm land some of which would be taken out of production by drilling of wells. For this reason, during negotiations plaintiff insisted upon payment of reasonable rental for all land used. Defendant agreed to this request and the executed lease contained the above quoted provision. Under this provision defendant had paid rental until January 1, 1963, but refused to pay thereafter. Defendant's operation upon tillable land had removed approximately 4 acres from production and

created additional difficulty and expense in farming remainder. Plaintiff prayed judgment for reasonable annual rental as in original petition.

Demurrer to amended petition was overruled and defendant answered, admitting ownership of producing oil and gas lease, and that a printed lease form was amended at time of execution to provide rental for land used. Defendant denied the quoted provision was intended to apply to all land used, but alleged intention was to require rental payments only in event defendant placed structures upon the land for housing and boarding employees. Consistent with such intent defendant had maintained a lease house on the land until 1963, for which rental had been paid. This structure was removed and no others were erected, so plaintiff no longer was entitled to rentals. Further, in event of determination the lease provision required rental payment for any structure, rather than only structures used in housing and boarding employees which defendant denied, rental claimed by plaintiff was unreasonable.

Reply was by general denial. However, plaintiff alleged defendant built and maintained a small, metal "dog house" on the land for several years, but specifically denied same was suitable, or ever had been used, for housing or boarding defendant's employees.

The pre-trial hearing order found the issues made up and the case ready for trial. Upon trial defendant's opening statements disclosed existence of the lease contract and defendant's use of plaintiff's land. The court sustained plaintiff's motion for directed verdict upon defendant's opening statements, leaving for trial only the question of what would be reasonable rental for the land used.

Defendant contended allegations of the amended petition established ambiguity of the lease, which made admissible proffered evidence showing defendant's interpretation of the lease clause. On this basis defendant insisted a question of fact existed, and the trial court improperly sustained plaintiff's motion for directed verdict.

From the opening statements the court found there was no dispute either as to defendant's use of the land, or as to existence of the lease contract which was part of the amended petition. The trial court found the contract was not ambiguous, and no issue of fraud or misrepresentation having been raised, parol evidence was not admissible to alter or vary any terms of the lease. The case was tried upon this theory, with the trial court making every effort to confine introduction of evidence to the issue of reasonable rental. Trial resulted in the verdict and judgment mentioned.

The principal contention on appeal urges reversible error in sustaining the motion for directed verdict, and refusing to permit introduction of parol evidence. Summarized, defendant's argument is that, *unless otherwise provided,* any oil and gas lease grants lessee a right to use a reasonable·amount of the leased land for development. And, unless otherwise provided, the lessee is obligated to pay lessor a reasonable amount for surface damages, or for damages to growing crops. Thus, there being no claim either for loss of growing crops or use of an unreasonable amount of land in operations, the only purpose of this lease proviso was to require payment in the event lessee placed lease houses or employee housing on the premises. Upon this basis defendant concludes the lease was ambiguous, and parol testimony relative to negotiations for the lease should have been admitted to establish the typed provision was not intended to require defendant to pay rental for all land used in drilling and operation of wells.

■ ■ We are cognizant of decisional law which requires oil and gas leases to be construed in accord with reasonable intendment of the parties, if ascertainable from within four corners of the contract. Lewis v. Grininger, 198 Okl. 419, 179 P.2d 463. And, that a lessee has right of ingress and egress, and to occupy surface of the land to the extent reasonably necessary for exploring and marketing oil and gas. Rich v.

Doneghey, 71 Okl. 204, 177 P. 86, 3 A.L.R. 352; Mid-Continent Petroleum Corp. v. Donelson, 189 Okl. 273, 116 P.2d 721. An oil and gas lease, either by express grant or by implication, carries the right to surface possession so far as necessarily incident to perform the obligations imposed by the lease. Summer's O. & G. (Per. Ed.) § 652; Pulaski Oil Co. v. Conner, 62 Okl. 211, 162 P. 464; L.R.A. 1917C, 1190. Basis of the rule rests upon the principle that when a thing is granted all means to obtain it and all fruits and effects likewise are granted. Section 652, supra. However, the cited cases, and others too numerous to permit citation, reflect the varied questions which have arisen in the past relative to the nature and extent of parties' rights under oil and gas leases executed upon standard form, printed lease agreements not otherwise amended.

■ The obvious fallacy in defendant's argument is discernible in statement of the initial premise: that a lessee has right to use of a reasonable amount of the surface for development, "* * * *unless the lease has a provision which provides otherwise.*" (emphasis supplied) Reference to the contract in evidence discloses the lease form also was changed in other respects, not of present concern. The final result of such agreed alterations, placed in the agreement as an outcome of negotiations, clearly shows the instrument ultimately executed was a written contract which bore slight resemblance to the customary printed form, standard oil and gas lease in this and other respects.

Defendant fails to recognize any instrument which failed to enumerate those customary rights, extended under the usual lease granting clause, nevertheless would have constituted a grant of such interest in plaintiff's land as to support entry and occupancy to the extent reasonably necessary for operations. In such an event plaintiff's only recourse would have been to establish injury resulting from defendant's unreasonable operations. Magnolia Petroleum Co. v. Howard, 182 Okl. 101, 77 P.2d 18. The burden of proving unreasonableness, that defendant used more of the surface than necessary, would have been upon plaintiff. Cities Service Oil Co. v. Dacus, Okl., 325 P.2d 1035.

■ There is no need for resort to discussion of grammatical construction to support our conclusion. The written lease expressly required payment of reasonable rental for land used in defendant's operations. The trial court properly found the written contract was unambiguous. By statute, and settled law of prior decisions, parol evidence is inadmissible to alter or vary terms of a written agreement. 15 O.S. 1961 § 137; Quincy Johnston, Inc. v. Wilson, Okl., 358 P.2d 205; Brooks v. LeGrand, Okl., 435 P.2d 142. Argument which, in effect, suggests any construction of the contract contrary to that urged by defendant simply enhances plaintiff's financial return is not persuasive. Contracts entered into by parties will be enforced, if within the law, although they may contain harsh terms. Bankers' Reserve Life Ins. Co. v. Rice, 99 Okl. 184, 226 P. 324.

The second contention urges reversible error in overruling defendant's motion for new trial. One ground of the motion was that inadmissible testimony given by plaintiff inflamed the jury and prevented defendant having a fair trial. The evidence given by plaintiff in cross-examination, being the basis for this alleged error, is as follows:

"A. Well, Mr. Curtis, I didn't—the land that they are using, as the landowner, it is worth $500.00 a year to me, whether it's one acre or five acres, in the manner in which they are using it.

"Q. Mr. Ginder, I think the question was you have given an estimation on the amount of land that they used during the period and I'm asking you if it could have been closer to two acres than three acres.

"A. I have tried to tell you several times, Mr. Curtis, I have never had it measured by an engineer. I made a rough estimate. I am sure you probably

have an engineer's plat which will show what it is. I don't know.

"Q. As a matter of fact, you don't really know whether you were suing them for four acres or two acres. Is that your testimony?

"A. That's right. As a landowner, it doesn't make any difference to me."

We do not see how this testimony inflamed the jury and prevented defendant from having a fair trial. However, the settled rule is that only those errors in admission or rejection of evidence which resulted in miscarriage of justice or constitute substantial violation of some constitutional or statutory right require reversal of a cause by this Court. Bates v. Utech, Okl., 441 P.2d 952. We are of the opinion if error resulted from admission of the questioned testimony, this was harmless error, particularly in view of the conclusion reached in respect to the entire judgment.

The final contention asserts, even if plaintiff was entitled to reasonable rental, the jury verdict ($1,200.00) was excessive. Defendant argues that by measurement only 1.74 acres of land was used, as opposed to plaintiff's estimate of 2–4 acres used by defendant in operations.

Neither party saw fit to offer an engineering survey showing actual amount of acreage involved. Plaintiff relied upon oral testimony of witnesses familiar with land and rental values in the vicinity. Plaintiff, and others, testified $500.00 was a reasonable annual rental. Two witnesses testified $20.00 per acre was a reasonable cash rent for the entire farm. Another fixed $25.00 per acre as reasonable rental. However, considering the installations on plaintiff's land, the farm would only rent for $15.00–$16.00 per acre. Defendant's evidence was directed toward showing amount of land actually used.

Upon the issue of rental value the jury received Instruction No. 4 which stated:

"You are further instructed that in arriving at an amount of reasonable rental value for the land used by defendant for the years 1963, 1964 and 1965, you should consider the actual amount, location, type and kind of land so used and the accepted and customary rental value for similar land of similar quantity and quality in the same or nearby area, during those years, but you are not to consider damages or other detriment as such."

The amount of the verdict, measured by testimony concerning amount of land used, fairly reflects the jury's disregard of the issue in light of the instruction given. It is apparent the jury measured plaintiff's recovery upon basis of annual cash rental for the entire farm, rather than from testimony showing rental value of amount of land actually utilized and occupied by defendant's installations. In effect the jury determined rental value upon a basis of value of the entire farm, less value of the remaining tillable land after lessee took land necessary for development. Essentially, this amounted to nothing more than judgment for additional surface damages to the entire farm as a unit.

The nature of evidence concerning land used by defendant was such as to permit the jury to find that 3 acres had been utilized by defendant during the time in question. Finding a maximum rental value of $25.00 per acre was permissbile under the evidence. Upon this basis a jury finding of a reasonable annual rental value of $75.00 for land used by defendant would have been proper. Judgment rendered in excess of that amount was erroneous and unreasonable. A judgment which is clearly erroneous as to the amount awarded may be corrected by this Court on appeal. Gallaspy v. Warner, Okl., 324 P.2d 848. An excessive judgment will be affirmed on appeal if plaintiff files remittitur for the excess. Federal Surety Co. v. L. B. Adams Lbr. Co., 170 Okl. 445, 40 P.2d 1057.

The judgment is affirmed upon condition of plaintiff's remittitur of amount in excess

of $225.00, with interest and costs to plaintiff, otherwise the case is reversed for new trial.

All Justices concur.