**SANTA FE MINERALS, INC., Appellee,**

v.

**Melvin SIMPSON, Appellant.**

**No. 65653.**

Court of Appeals of Oklahoma, Tulsa Divisions.

March 31, 1987.

Lawrence W. Parish, Tolle & Parish, Okemah, for appellee.

William D. Huser, Huser, Huser & Lively, Wewoka, for appellant.

REIF, Presiding Judge.

Landowner Melvin Simpson appeals a jury verdict awarding $2,337.50 for surface damages caused by Santa Fe Minerals, Inc., in drilling two wells.[1] The case was assigned to the Accelerated Docket for early disposition and oral argument was heard on March 3, 1987. He asserts error in the trial of this special proceeding because the court (1) limited evidence and instructions to damages resulting from "unreasonable" and "unnecessary" use of the surface by

---

1. Santa Fe had a valid mineral lease on the 40–acre tract where it drilled the wells in question. Landowner held the surface rights. Unable to negotiate a surface damages settlement, Santa Fe filed proceedings under the Surface Damages Act, 52 O.S.Supp.1986 §§ 318.2 through 318.9, for judicial determination of damages. Santa Fe used only about four acres altogether for two well sites, roads, pits, pipelines and accessories. Santa Fe's expert testified that damages from such use totaled $2,337.50. Landowner's expert testified that damages were $11,346.

Santa Fe; (2) refused evidence and instructions concerning damages for removing nuisance type materials; and, (3) failed to instruct on damages caused to the area surrounding the well sites. Landowner also complains of the award of costs and attorney's fees to Santa Fe.

It is well settled that the instructions are to be viewed as a whole to determine whether they "fairly present the law applicable to the issues raised by the evidence and the pleadings." *Root v. KAMO Electric Cooperative, Inc.*, 699 P.2d 1083, 1087 (Okla.1985) (footnote omitted). Having reviewed the record and the instructions as a whole, we conclude that they did not fairly present the law applicable for the determination of surface damages in proceedings under the Surface Damages Act.

For example, instruction No. 5 stated that Santa Fe had "a right to use such amount of the surface as is necessary for the drilling and producing any well drilled," but that it was Santa Fe's burden to prove that it did not exceed such necessity. Instruction No. 8 advised the jury that it "can not [*sic*] award any sum unless you find that [Santa Fe] used more land than was reasonably necessary for the drilling of wells and production of oil and. gas and damage [*sic*] the land in the unnecessary use." Instruction No. 10 declared:

> You are hereby instructed that the plaintiff, SANTA FE MINERALS, INC., has the right of ingress and egress across the defendant's real property together with the right to occupy the surface of the land to the extent reasonably necessary for exploring and marketing oil and gas, and unless you find that SANTA FE MINERALS, INC.'S use of the surface for this purpose was unreasonable, then you shall render a verdict for the plaintiff.

Even though these were correct statements of common law prior to enactment of the Surface Damages Act, they do not define the respective rights of the parties recognized by the Act.

Admittedly, the effect of the Surface Damages Act on the common law was less than clear at the time of the trial. In fact, the only pronouncement by the supreme court concerning the Act at the time of trial was that "these provisions set out guidelines for a cause of action whose existence we recognize in our State Constitution." *Cormack v. Wil-Mc Corp.*, 661 P.2d 525, 527 (Okla.1983) (footnote omitted). This case specifically reaffirmed the right of a mineral lessee to use land "necessary to obtain the thing granted—the minerals under the land." *Id.* at 526. Additional uncertainty appears in the language of 52 O.S.Supp.1986 § 318.5(A), that calls for the "appointment of appraisers to make recommendations to the parties and to the court concerning the amount of damages, *if any.*" (Emphasis added.)

The uncertainty surrounding the foregoing, as well as the constitutionality of the Act, was put to rest in a case decided subsequent to the trial and during its pendency on appeal. *Davis Oil Co. v. Cloud*, 57 Okla.B.J. 2885 (Nov. 18, 1986), held that the Surface Damages Act was constitutional and did not impair vested contractual or property rights of mineral interest owners. The common law right of reasonable and necessary use of the surface to develop the minerals was construed to be a defense or standard of liability which the legislature was empowered to modify or abolish. The court found the Act reasonably balanced the competing interests of the surface and mineral owners and furnished a mechanism whereby *actual damages* to the surface arising from development of the minerals could be determined.

Our conclusion that the instructions were erroneous is not founded on the "perfect hindsight" of *Davis Oil* alone. Rather, we find that the express language in the Act indicates that it modified the common law in a number of respects, and that the jury should have been instructed to consider the elements of damages "in the same manner as railroad condemnation actions." 52 O.S. Supp.1986 § 318.5(F).

Section 318.3 requires a written notice of intent to drill that designates a proposed location and date for drilling *before* entry on to the land. Section 318.4 further condi-

tions the exercise of the rights of entry and drilling upon the filing of a bond or deposit of other financial assurance with the Oklahoma Secretary of State. Section 318.5(A) additionally specifies that *prior to entering* the site with heavy equipment, negotiations are to be undertaken with the surface owner "for the payment of *any* damages which may be caused by the drilling operation." (Emphasis added.) Entry is not permitted until a written agreement is reached or the court is petitioned to appoint appraisers. Willful entry and drilling in violation of these conditions subjects the mineral interest owner or lessee to treble damages under section 318.9. Clearly, the right of the mineral interest owner or lessee to enter and to develop has been significantly modified and is conditioned on more than reasonableness and necessity.

Significantly, the Act does not include reasonableness or necessity as considerations for determining damages either by the court appointed appraisers or a jury. Section 318.5(C) directs that the court appointed appraisers "shall inspect the real property and consider the surface damages which the owner has sustained or will sustain *by reason of entry* upon the subject land and *by reason of drilling or maintenance of oil or gas production* on the subject tract of land." The location of the drilling must have been specified in the notice of intent to drill as prescribed by section 318.3. Section 318.5(C) further directs that the appraisers are to file a written report which sets forth "the quantity, boundaries and value of the property entered on *or* to be utilized in said oil or gas drilling, and the amount of surface damages done or to be done to the property." These would also be proper considerations for the jury.

Perhaps the most telltale guide in the Act for determining damages is the language in section 318.5(F), stating that "[t]he trial shall be conducted and judgment entered in the same manner as railroad condemnation actions." *Davis Oil* specifically held that the factors and elements of damages under condemnation law are properly applied in these cases.

It appears that the Act recognizes that the exact location or positioning of a well, access roads, and accessories upon a tract can be the source of detriment which was not adequately addressed under tests of reasonableness and necessity. In this regard, the lawful, but imposing use of mineral production is similar to the lawful, but imposing use by a public utility or governmental agency. That is, *where* the imposing use affects a surface tract is as important as *how* it affects the land. For example, a condemned easement along the edge of a tract is less burdensome or detrimental than one through the middle.

It is interesting to note that section 318.9 provides that "[d]amages collected pursuant to this act shall not preclude the surface owner from collecting any *additional* damages caused by the operator at a subsequent date." (Emphasis added.) In short, the Act is an attempt to compensate for site selection, extent of development activity, and damages flowing therefrom, both direct and consequential.

The reversal of this cause for new trial on the ground of erroneous instructions necessitates the vacation of the attorney's fee and cost award to Santa Fe.

Reversed and remanded for new trial.

BRIGHTMIRE, J., concurs.

BACON, J., concurs specially.

BACON, Judge, specially concurring.

As I read *Davis Oil Co. v. Cloud*, 57 Okla.B.J. 2885 (Nov. 18, 1986), I must concur in the result reached in the present case. However, the legislature may want to reexamine the Surface Damages Act, 52 O.S.Supp.1986 §§ 318.2 through 318.9. I say this because it seems ludicrous to me to make a surface owner and a lessee attempt to agree on an amount of damage, *if any*, before the damage is even done. I also have reservations about the constitutionality of the Act as an infringement on a party's right to contract.