1998 OK CIV APP 126

**In the Matter of D.J.L., JR., Alleged to be a person requiring treatment.**

**D.J.L., JR., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. 89818.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 18, 1998.

Eric Dean Troutt, Troutt Law Office, Sapulpa, for Appellant.

Max Cook, District Attorney, J. Bruce Schultz, Asst. District Attorney, Sapulpa, for Appellee.

## OPINION

BUETTNER, Presiding Judge.

¶ 1 A jury in Creek County rendered a verdict finding D.J.L., Jr. a person requiring treatment. The court thereupon ordered D.J.L. committed to the Department of Mental Health and Substance Abuse Services for treatment, including medication. The term of the inpatient treatment was "for so long as the superintendent of Western State Hospital [Fort Supply, Oklahoma] feels that treatment is needed ...". The State had called two witnesses in support of its case: D.J.L. and a psychiatric doctor. D.J.L. objected to being called as a witness by the State on 5th Amendment and statutory grounds. He also objected to the State's use of his prior criminal convictions in support of its own case. We find that there is no constitutional right against self-incrimination in an involuntary commitment proceeding and that Oklahoma law allows the State to call the person alleged to be requiring treatment in support of its case. We also find that there was no error in allowing the State to introduce prior criminal convictions in its case in chief for its stated purposes of proving substance abuse and impeachment.

¶ 2 On June 27, 1997, after trial, a jury was charged with determining whether D.J.L. was a person requiring treatment. 43A O.S. Supp.1992 § 1–103(14).[1] "The state has a legitimate interest under its *parens patriae* powers in providing care to its citizens who are unable because of emotional disorders to care for themselves; the state

---

1. This court is unable to ascertain which of the three definitions of "requiring treatment," the State alleged and proved. The record does not contain the pleadings, the instructions or the documentary evidence. We are provided with a copy of the transcript of the jury trial and the court's order.

also has authority under its police power to protect the community from the dangerous tendencies of some who are mentally ill."[2] *Addington v. Texas,* 441 U.S. 418, 426, 99.-S.Ct. 1804, 1809, 60 L.Ed.2d 323. D.J.L., 33 years old, was called by the State, over his objection, in its case in chief. In light of the state's duties and powers, in conjunction with the law's protection of the person alleged to be in need of treatment, we find that there is no violation of the 5th Amendment's provision against compulsory self-incrimination.[3] Pertinent to 5th Amendment, 43A O.S.Supp. 1992 § 5–401(K) states, in part:

> No statement, admission or confession made by the person alleged to be a person requiring treatment may be used for any purpose except for the proceedings under this section. No such statement, admission or confession may be used against such person in any criminal action whether pending at the time the hearing is held or in any manner or form.

Answering a similar question, the Supreme Court of Colorado stated that because of the "limited use which can be made of respondent's statements or testimony at a certification hearing, we hold that due process does not require that the Fifth Amendment privilege against self-incrimination be extended to Colorado's civil commitment proceedings to bar the respondent from being called upon to testify or to justify her absence from court during the certification proceedings." *People v. Taylor,* 618 P.2d 1127, 1140 (Colo.1980).

¶3 In *In re D.B.W.,* 1980 OK 125, 616 P.2d 1149, the appellant specifically challenged the civil commitment procedure (43A O.S. Supp.1977 §§ 54.1 and 55.2) as unconsti-

tutional because the individual in custody is not advised of his right to remain silent and his privilege against self incrimination. While not directly addressing this issue, the Oklahoma Supreme Court found that the Oklahoma Mental Health Law "contain sufficient constitutional safeguards" after citing § 54.1(E) in a footnote. We find implicit in *In re D.B.W.* a rejection of D.J.L.'s argument.

■ ¶4 D.J.L. argues alternatively that it was error for the State to call him as a witness in its case in chief on the ground that the statute purportedly allowing the State to call him should be read to disallow such prosecutorial procedure. In pertinent part, 43A O.S. Supp.1992 § 5–401(K) states:[4]

> At the hearing on the petition, when it is conducted as a jury trial, the petitioner and any witness in behalf of the petitioner shall be subject to cross-examination by the attorney for the person alleged to be a person requiring treatment. The person alleged to be a person requiring treatment *may* also be called as a witness and cross-examined. (Emphasis added.)

D.J.L. asserts that the use of "may" should be applied to his discretion, not petitioner's. "In construing a statute, we begin with the statutory language itself with the ultimate goal of determining the legislative intent. However, it is unnecessary to apply rules of construction to discern Legislative intent if the will is clearly expressed." *State ex rel. Macy v. Freeman,* 1991 OK 59, 814 P.2d 147, 153. The statute does not limit who may call the person in need of treatment, but express-

---

**2.** In *Addington,* the court held that in involuntary commitment procedures, the minimum standard of proof is more than preponderance of the evidence. *Id.* 441 U.S. at 433, 99 S.Ct. 1804. However, whether a state chooses the criminal standard, beyond a reasonable doubt, or something akin to Oklahoma's "clear and convincing evidence," is guided by the essence of federalism, "that states must be free to develop a variety of solutions to problems and not be forced into a common, uniform mold." *Id.* 441 U.S. at 431, 99 S.Ct. 1804.

**3.** U.S. Const. Amend. V: "... nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; *nor shall be*

*compelled in any criminal case to be a witness against himself...*"

**4.** Effective November 1, 1997, the law was re-numbered to 43A O.S. Supp.1997 § 5–415(C)(3) and amended. The amendment does not affect our holding today. *Cf.* § 5–415(C)(3): When the hearing is conducted as a jury trial, the petitioner and any witness in behalf of the petitioner shall be subject to cross-examination by the attorney for the person alleged to be a person requiring treatment. The person alleged to be a mentally ill person requiring treatment may also be called as a witness and cross-examined.

ly states that said person may be called and cross-examined. Because the law also allows the court to ban the person in need of treatment from the trial,[5] we presume the State must also be prepared to carry its burden of proof without the person in need of treatment's testimony. The prosecution's legal strategy, however, is within the bounds of law when it calls the person in need of treatment to display to the jury, through his testimony, the fact of the need of treatment.

¶ 5 Next we address whether the court erred in allowing the State to examine D.J.L. about his prior criminal convictions for narcotics possession in support of its case that he was in need of treatment and to impeach his testimony. D.J.L. objected on the grounds that the prior convictions were not relevant to the question whether he was presently in need of treatment and that the prejudice of such admissions outweighed any probative value they might have. State argues that D.J.L. testified to the prior convictions, thereby opening the door or waiving objection. For both relevancy and impeachment, the court is charged with determining whether the probative value of the prior convictions is outweighed by its prejudicial effect. 12 O.S.1991 §§ 2403, 2609(A)(1). In addition, we are guided by the rule that it "is only where the errors complained of have resulted in a miscarriage of justice, or constitute a substantial violation of some constitutional or statutory right, that this Court will reverse a cause because of the admission or rejection of evidence." *Davon Drilling Company v. Ginder,* 1970 OK 51, 467 P.2d 470 (Syllabus by the court). Also, because of our deference to a jury verdict, we will sustain it if there exists any competent evidence to support it. *Bane v. Anderson, Bryant & Co.,* 1989 OK 140, 786 P.2d 1230, 1236. Because the record does not support an appellate finding that a miscarriage of justice occurred on account of the admission of the evidence of prior convictions, and because there remained competent evidence to support the verdict even had that information not been presented, we find no reversible error attrib-

utable to the court's overruling of D.J.L.'s objection to the admission of the evidence.

¶ 6 D.J.L. also contends that the court erred in restricting his cross examination of State's expert witness, Dr. Liliana Schechter. Specifically, D.J.L. wanted to question Dr. Schechter about whether she had conducted any follow-up studies of individuals, whom she had diagnosed as dangerous, to determine the accuracy of her diagnoses. The court sustained State's objection to relevancy. Cross examination should be liberally allowed for its purposes of explaining, contradicting or discrediting testimony or testing the accuracy, memory, veracity or credibility of a witness. *Harris v. State,* 1989 OK ——, 777 P.2d 1359, 1362 (citing *Campbell v. State,* 1981 OK ——, 636 P.2d 352, 356). Under the facts of this case, the court's ruling, if error, was harmless.

¶ 7 Finally, D.J.L. states that the court impermissibly ordered internment without considering treatments alternative to hospitalization. The record does not support this statement. Dr. Schechter testified that in her opinion, based partly on D.J.L.'s history and partly on her observation of him during the time of emergency detention prior to trial, D.J.L. was mentally ill and needed inpatient treatment.

¶ 8 For these reasons, we affirm the trial court's order entered on jury verdict.

AFFIRMED.

HANSEN and ADAMS, JJ., concur.

---

5. 43A O.S. Supp.1992 § 5–401(I).