974 P.2d 187 (1998)
1999 OK CIV APP 8
In the Matter of N.P. and R.M., alleged deprived children.
Toney E. Miller, Appellant,
v.
State of Oklahoma, Appellee.
No. 91,555.
Court of Civil Appeals of Oklahoma, Division No. 3.
December 29, 1998.
Wade L. Fathree, Pryor, Oklahoma, For Appellant.
*188 Gene Haynes, District Attorney, James W. Ely, Jr., Assistant District Attorney, Claremore, Oklahoma, For Appellee.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.

OPINION
ADAMS, Judge:
¶ 1 The single issue presented by this appeal is whether the trial court erred when it ruled that Toney Miller (Father) waived his right to jury trial on the State's petition to terminate his parental rights because he did not appear in person at the time and place previously set for jury trial. After a non-jury trial, Father's parental rights to the two children who are the subject of this proceeding were terminated. Father's appeal raises only this single issue.
¶ 2 Father had previously requested a jury trial on the State's petition to terminate. On the day set for trial, Father's counsel appeared and stated he was prepared to proceed. However, Father's counsel told the trial court he had not seen his client that morning. The trial court announced that it considered Father's failure to appear personally at the appointed time to be a waiver of his right to jury trial and proceeded to hear the case without a jury. Father appeared personally forty-five minutes later.
¶ 3 The trial court cited no authority for its conclusion that a failure of a litigant to appear in person for trial, where the litigant is represented by counsel who is present, amounts to a waiver of jury trial.[1] This conclusion is contrary to 12 O.S.1991 § 591, which states:
The trial by jury may be waived by the parties, in actions arising on contract, and with the assent of the court in other actions, in the following manner: By the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney. By written consent, in person or by attorney, filed with the clerk. By oral consent, in open court, entered on the journal. (Emphasis added).
¶ 4 If the Legislature intended the jury trial to be waived under circumstances such as those presented here, there was no need for the language "or attorney" to be included as it was in § 591. The trial court erred in denying Father a jury trial, and its order is reversed.[2] The case is remanded for new trial in accordance with this opinion.
REVERSED AND REMANDED FOR NEW TRIAL.
HANSEN, J., and BUETTNER, P.J., concur.
NOTES
[1] The two cases cited by the State in its brief are inapplicable here. In Federal Surety Co. v. L.B. Adams Lumber Company, 170 Okl. 445, 40 P.2d 1057 (1935), the Court held a defendant who had failed to call the trial court's attention to its demand for jury trial could not rely upon that demand for reversal on appeal. In Farmers' & Merchants' Insurance Company v. Cuff, 29 Okl. 106, 116 P. 435 (1911), neither the appealing party nor its attorney appeared for trial.
[2] Our reversal should not be seen by Father's counsel as approval of his improper use of an unpublished opinion of another division of this Court as authority.