2001 OK CIV APP 81

**CLASSIC AUTO SPORT, LTD.,**
**Plaintiff/Appellant,**

v.

**VAULT MANAGEMENT, INC.,**
**Defendant/Appellee,**

and

**Christi Bakula and John**
**Doe, Defendants.**

No. 95,282.

Court of Civil Appeals of Oklahoma,
Division No. 3.

May 25, 2001.

C. Rabon Martin, Charles M. Fox, Christopher R. Martin, Martin & Associates, P.C., Tulsa, OK, for Plaintiff/Appellant.

William R. Grimm, Robert B. Sartin, Barrow, Gaddis, Griffith & Grimm, Tulsa, OK, for Defendants/Appellees.

BUETTNER, Presiding Judge:

¶ 1 Plaintiff/Appellant Classic Auto Sport, Ltd. (Classic) appeals from the trial court's

*Commission,* 1945 OK 268, 197 Okl. 308, 169 P.2d 761.

order dismissing with prejudice Classic's action for negligent bailment filed against Defendants/Appellees Vault Management, Inc. (Vault Management), Christi Bakula, and John Doe. The trial court dismissed the case after Classic failed to pay a sanction which it had been ordered to pay in a prior case which Classic had dismissed and refiled as the instant case. Because we find the trial court abused its discretion in dismissing the instant case with prejudice as a sanction for Classic's failure to pay a sanction ordered in a prior, final case, we reverse and remand.

¶ 2 The procedural facts of the instant case are not disputed. Classic rented a safe deposit box in Vault Management's private vault facility in Tulsa. Classic's negligent bailment action was based on the loss of $200,000 [1] in cash which Classic alleged was missing from the safe deposit box.[2] Classic's original negligent bailment action was filed under case number CJ–96–4335 (Case 1) in Tulsa County District Court. On May 16, 1997, Vault Management filed its motion for sanctions for Classic's failure to comply with an April 15, 1997 order compelling discovery. On October 9, 1998, the trial court, in Case 1, sustained Vault Management's motion for sanctions and ordered Classic to pay $1,000 as an attorney fee as sanction for failure to comply with the order compelling production of documents. Classic dismissed Case 1 without prejudice June 4, 1999, without having paid the $1,000 sanction.

¶ 3 Classic then filed another petition for loss of property by a bailee November 15, 1999. That case was assigned No. CJ–99–5484 (Case 2) and was filed against the same defendants and alleged the same cause of action for the same facts as Case 1. Vault Management filed its motion to dismiss June 1, 2000. Vault Management alleged that Classic had failed to comply with the trial court's scheduling order by failing to timely file a pre-trial conference order. Vault Management also alleged that Classic had issued a subpoena duces tecum in Case 1 on May 23, 2000, at which time that case was null and void as a result of being dismissed by Classic. Vault Management asked the trial court to enter a judgment against Classic for $1,000 for sanctions in Case 1 and to dismiss Case 2. Following a hearing held July 5, 2000, the trial court ordered Classic to pay the $1,000 sanction by July 31, 2000 or face dismissal with prejudice. Vault Management filed its motion to dismiss August 2, 2000, in which it asserted that Classic had failed to pay the sanction by the court's deadline. The trial court entered its order August 25, 2000, in which it 1) found that Classic had not paid the sanction, and 2) dismissed the case with prejudice. Classic appeals the dismissal.

¶ 4 Sanctions imposed for discovery violations are left to the trial court's discretion. *Payne v. Dewitt*, 1999 OK 93, 995 P.2d 1088, 1093. Dismissal with prejudice, as a sanction for failure to obey an order compelling discovery, is within the trial court's discretion. 12 O.S.Supp.1996 § 3237; *Martin v. Johnson*, 1998 OK 127, 975 P.2d 889, 899. Accordingly, we will not disturb a trial court's order dismissing a case with prejudice absent a finding of an abuse of discretion. However, the instant case involves a different circumstance: dismissal of a pending case as sanction for failure to pay a monetary sanction ordered in a prior, voluntarily dismissed case.

¶ 5 In *Martin*, *supra*, among other sanctions imposed, the trial court conditioned the plaintiff's right to refile her dismissed case upon her payment of sanctions ordered in the case previously dismissed. The Oklahoma Supreme Court reversed on other grounds and explained: "we decline to explore our jurisprudence relevant to an order that conditions the refiling of a dismissed suit upon the payment of litigation expenses in a previous proceeding." *Martin*, 975 P.2d at 898, n. 3. Having found no other grounds for our decision, we review such jurisprudence here.

1. In its First Amended Petition, Classic indicated the amount lost from its safe deposit box was $161,000.00.

2. Classic alleged that Defendants Christi Bakula and John Doe may or may not be the same person and that he, she, or they removed the cash from Classic's safe deposit box without Classic's authorization. Vault Management disputed that the cash was ever placed in the box.

Rule 41(d) of the Federal Rules of Civil Procedure states:

(d) Costs of Previously Dismissed Action. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

The Oklahoma statute addressing voluntary dismissals of actions does not contain a similar provision, although it conditions dismissal itself on the payment of costs. See 12 O.S. 1991 684. There is no dispute, however, that Classic's voluntary dismissal of Case 1 was allowed despite Classic's failure to pay the sanction award.

¶ 6 In *City National Bank & Trust Company of Oklahoma City v. Owens*, 1977 OK 86, 565 P.2d 4, the Oklahoma Supreme Court reviewed the district court's efforts to remedy vexatious litigation conduct. In *Owens*, on the fourth day of trial, after the parties had rested and the court had prepared the jury instructions, the plaintiff dismissed its case without prejudice. Based on the defendant's request, the court ordered the plaintiff to pay all costs and counsel fees incurred by the defendant up to the time of the dismissal. The court also conditioned the plaintiff's right to refile upon payment of the costs and fees. Plaintiff's counsel was also prohibited from proceeding in any companion cases involving the same matter until the fees were paid.

¶ 7 The Supreme Court limited its analysis to cases in which costs and fees are "wasted" by dismissal without prejudice after trial has begun. *Id.* at 7. After confirming the trial court's inherent equitable power to make an award of attorney fees, in the absence of a statute or contract, to remedy oppressive or vexatious litigation conduct, the court also expressly found that the trial court did not exceed its authority in conditioning the refil-

ing of the case upon payment of the costs. *Id.* at 9.

¶ 8 However, five years after the *Owens* decision, the Supreme Court issued its opinion in *Moses v. Hoebel*, 1982 OK 26, 646 P.2d 601. In *Moses*, as in *Owens*, the plaintiff was sanctioned for vexatious litigation conduct after voluntarily dismissing his case on the third day of trial. After the plaintiff refiled the case, the defendant moved for an order awarding his costs incurred in defending the first case. The trial court ordered the plaintiff to pay the costs and prohibited the plaintiff from proceeding in the refiled case until the sanction was paid.

¶ 9 The plaintiff sought a writ of prohibition against enforcement of the order. The Supreme Court approved the sanction, based in part on *Owens*. However, the court expressly disapproved part of *Owens* by vacating the trial court's order that plaintiff could not proceed in the refiled case until the sanction had been paid. The court held that such a condition precedent to proceeding amounted to a "sale of justice" as well as a denial of the right to an "open court of justice," both of which are prohibited by the Oklahoma Constitution, Art II, § 6. *Id.* at 604. The court held that costs ordered in one case may not be enforced in another case. *Id.* The court lastly found the condition precedent to refiling amounted to a violation of the equal protection clause because it unfairly abridged the fundamental right of access to the courts. *Id.* at 605. Interestingly, the court noted, as we have above, that, under § 684, the trial court could have conditioned the plaintiff's right to *dismiss* on payment of the sanctions (characterized as costs), but could not condition the right to proceed in another case on payment of the sanctions.[3]

■ ¶ 10 We are constrained to follow *Moses* and reverse the dismissal of case number CJ–99–5484 because that dismissal was based expressly on Classic's failure to pay a sanction order made in the prior case. Were we writing on a clean slate, we might leave to the trial court's discretion such determina-

---

3. The Supreme Court stated in *Moses* that the collection of sanctions awarded in a prior case "must be pursued by means that are authorized by the ordinary process of law. Its payment may not be coerced by process designed to arrest the progress of another case." 646 P.2d at 604.

tion of how to respond to recalcitrant litigants. However, even absent the *Moses* holding, the order of dismissal with prejudice in the instant case (although it followed notice and an opportunity to be heard) is extreme, and beyond the "stay of proceedings" afforded by Federal Rule 41(D). For these reasons, we conclude that the dismissal of the instant case was an abuse of discretion.

¶ 11 REVERSED AND REMANDED.

¶ 12 HANSEN, C.J., and GARRETT, J., concur.