2009 OK CIV APP 14

**Clifton G. ASHFORD and Sandra A. Ashford, Husband and Wife, Plaintiff/Appellees,**

v.

**Frances A. COFFEY, Defendant,**

and

**James R. Balthrop and Roberta S. Balthrop, Husband and Wife, Defendant/Appellants.**

**No. 105,484.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 19, 2008.

Gregory R. Stidham, Stidham Law Office, Checotah, OK, for Plaintiff/Appellees.

Fred P. Wendel, Eufaula, OK, for Defendant/Appellants, James R. Balthrop and Roberta S. Balthrop.

CAROL M. HANSEN, Judge.

¶ 1 Plaintiffs, Clinton G. Ashford and Sandra A. Ashford, Husband and Wife, filed this action against Defendants, Frances Coffey, and James R. Balthrop and Roberta S. Balthrop, seeking an order requiring them to remove certain items from Plaintiffs' property. They stated they surveyed their property and found Defendant Coffey had built a permanent structure across her property line and onto the property of Plaintiffs without their permission. Plaintiffs also alleged Balthrops were storing certain personal property across their property line and onto the property of Plaintiffs without Plaintiffs' permission.

¶ 2 Balthrops answered and counterclaimed seeking to quiet title to the disputed area in their name.[1]

¶ 3 The trial court entered a scheduling order and later an amended scheduling order dated May 25, 2005, requiring both parties to exchange a preliminary list of witnesses by July 1, 2005. Discovery was to be completed by July 10, 2005, and trial was set for July 21, 2005.

¶ 4 Balthrops did not provide the requested names. Plaintiffs filed a motion to compel. In response to Plaintiffs' motion to compel, the court gave Balthrops until September 13, 2005 to comply with the scheduling order. The court's order set forth Bal-

---

1. Frances Coffey did not answer Plaintiffs' petition. The trial court granted Plaintiffs' motion for default judgment against her. She did not appeal the judgment and is not a party to this appeal.

throps failure to comply could result in the granting of a default judgment.

¶5 On September 8, 2005, Balthrops sent a letter to the attorney for Plaintiffs providing the names of its three witnesses other than themselves, but did not give their addresses or telephone numbers. In response, Plaintiffs' attorney noted to Balthrops' attorney that he would like to depose the listed witnesses in October. He asked that he be provided with the addresses of these witnesses by October 26, 2005.

¶6 On November 2, 2005, Plaintiffs, having received no response from Balthrops, filed a motion for default judgment or in the alternative a further order to compel Balthrops to provide the requested information.[2] Plaintiff's reply to Balthrops' response notes that Balthrops did provide the address of two of the three listed witnesses and the phone numbers for all three. The trial court granted Plaintiffs' motion for default judgment citing the discovery code, 12 O.S.2001 § 3237(2)(c).[3]

¶7 Balthrops filed a motion to reconsider alleging the trial court granted the motion as a sanction for their failure to provide the requested addresses. They cited *Hotels, Inc. v. Kampar Corporation*, 1998 OK CIV APP 93, 964 P.2d 933, as authority that such a drastic action was an abuse of discretion. The trial court overruled Balthrops' motion to reconsider the default judgment. They appeal.

■ ¶8 Section 3237 is a part of the Oklahoma Discovery Code. A scheduling order is not ordinarily considered a part of the discovery code. However, Balthrops have disobeyed an order of the court, whether the violation may be considered a violation of the discovery code or other court order. Sanctions imposed for discovery violations are left to the trial court's discretion. Dismissal with prejudice, as a sanction for failure to obey an order compelling discovery is within the trial court's discretion. *Classic Auto Sport Ltd. v. Vault Management Inc.*, 2001 OK CIV APP 81, 26 P.3d 117.

¶9 However, as Justice Opala has pointed out in a different context:

Section 3237 allows the trial court to sanction a disobedient party by dismissal of its claim or by a default judgment. These draconian penalties should be applied only when a party's failure to comply with a discovery order is occasioned by fault, willfulness, or bad faith. The correctness of nisi prius imposition of sanctions under § 3227 is to be gauged by an abuse of discretion standard. Whether default (or dismissal) is a proper sanction is a question that calls for a fact-specific inquiry. In making that decision, the trial court's discretion, while broad, is not unbridled. The sanction must be both fair and related to the particular claim (or defense) at issue in the discovery order.

*Payne v. Dewitt*, 1999 OK 93, 995 P.2d 1088.

■ ¶10 Both parties refer us to *Hotels, Inc. v. Kampar Corporation, supra*, cited by the Balthrops at trial. The Court of Civil Appeals listed five factors a trial court should consider prior to choosing dismissal as a sanction for discovery violations. While the trial court improperly relied on the discovery code as a basis for granting the default judgment, we find those considerations instructive here. However, these should not be part of a rigid test. Those factors include: (1) whether party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether adversary was prejudiced by dismissed party's failure to cooperate in discovery; (3) whether dismissed party was warned that failure to co-operate could lead to dismissal; (4) whether less drastic sanctions were imposed or considered before dismissal was ordered; and(5) amount of interference with judicial process.

■ ¶11 Balthrops do not give a reason for not supplying the address of one of its witnesses. Plaintiffs claim they were prejudiced because they could not subpoena that witness for a deposition. Balthrops were given notice by order that by failing to give

---

**2.** Balthrops' response to this motion is not included in the record.

**3.** This does not appear to be the correct section under which the trial court granted default judgment. The correct section is probably 12 O.S. 2001 § 3237(B)(2)(c).

the witness names and addresses, they could be censured by having a default judgment granted against them, and that this amounted to interference with the judicial process.

¶ 12 Dismissal with prejudice, as a sanction for failure to obey an order compelling discovery, is within the trial court's discretion. This Court will not disturb a trial court's order dismissing a case with prejudice for discovery violation absent a finding of an abuse of discretion. *Classic Auto Sport, Ltd v. Vault Management, Inc., supra.*

¶ 13 Paragraph J of this rule defines default as "failure to prepare and file a scheduling order or pretrial order, failure to appear at a conference, appearance at a conference substantially unprepared, or failure to participate in good faith." The trial court did not find Balthrops had violated any of these requirements. In addition, there had been no pre-trial conference order. Declaring a judgment by default under section 3237 was clearly an abuse of discretion.

¶ 14 By this decision, we do not hold the trial court could not impose sanctions against the Balthrops for their failure to comply with the court's order. We find nothing in the record the court ever considered less drastic sanctions. Default judgment in this case is a draconian penalty. Other avenues of sanctions were available to the court, such as, for example, prohibiting the witness who could not be deposed from testifying at trial. Default judgments are not favored. The trial court abused its discretion in granting default judgment to Plaintiffs.

¶ 15 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS

ADAMS, P.J., and JOPLIN, J., concur.